UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | Bankruptcy Appeal |
| MICHAEL J. DELANEY ) | C.A. No. 04-10393-NG |
| Debtor ) | |

MOTION OF GERRITY COMPANY INCORPORATED
FOR ORDER DISMISSING APPEAL DUE TO MOOTNESS

To the Honorable Nancy Gertner, United States District Judge:

Now comes Gerrity Company Incorporated (hereinafter "Gerrity") and respectfully moves that this Court dismiss the above captioned appeal due to mootness and in support thereof, Gerrity submits the following:

1. The subject matter of this appeal is real estate known and numbered as Lot 2-4 Mattakeesett Street a/k/a 74 Wintergreen Farm Road, Pembroke, Massachusetts (hereinafter the "Real Estate").

2. Pursuant to an Order of the Honorable Carol J. Kenner, Bankruptcy Judge, dated December 29, 2003, a copy of which is annexed hereto and marked Exhibit A, Gerrity was granted relief from stay to foreclose upon the Real Estate (the "Relief from Stay Order").

3. The Notice of Appeal in this case did not appeal the Relief from Stay Order and if it was deemed that this appeal addresses the Relief from Stay Order, then no stay of the Relief from Stay Order was obtained by the Appellants.

4. Annexed hereto and marked Exhibit B is the Affidavit of Peter Young, with Exhibits, which indicates that the Real Estate has been subject to a foreclosure sale. A foreclosure deed regarding the Real Estate was recorded on March 22, 2004 with the Plymouth County Registry of Deeds.

5. As a result of the Relief from Stay Order and the completion of the foreclosure sale of the Real Estate, the relief requested by the Appellant in this appeal is subject to the doctrine of mootness since said Real Estate can no longer be transferred to the Appellants by the Chapter 7 Trustee of Mr. Delaney:

> "When the appellant has failed to obtain a stay pending appeal, the foreclosure and resale of the property renders moot any appeal from an order lifting the automatic stay under 11 U.S.C. 362(d)." "If the debtor fails to obtain a stay and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly the appeal will be moot. <u>Tornheim v. Source One Mortgage Services</u>, 108 F.3d 329, (1997 2nd Cir. Unpublished Decision). Also citing <u>In Re Onouli-Kona Land Co.</u>, 846 F.2d 1170, 1171 (9th Cir. 1988).
>
> "The Constitution forbids the issuance of advisory opinions by Federal Courts. A conclusion of mootness is proper here ..." <u>Shadduck v. Rodalakis</u>, 221 B.R. 579 (Bankr.D.Mass. 1998).

As indicated by the Appellants on pages 37 and 38 of their Brief,

> "A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, or alternatively when the party invoking Federal Court jurisdiction no longer has a personal stake in the outcome of the controversy". Citing <u>Boston and Maine Corp. v.</u>

2

Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1rst Cir. 1996)."


"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory options, (sic) on abstract propositions of law." Citing Laurence H. Tribe, American Constitutional Law, Section 3-11 at 83 (2nd Edition 1988) and Thomas R.W. v. Massachusetts Department of Education, 130 F.3d 477, 479 (1997).


## CONCLUSION

Due to the foreclosure sale of the Real Estate, the vesting of the Real Estate in the Appellants pursuant to 11 U.S.C. 365(i) cannot occur. Gerrity respectfully states that the issues involved in this appeal are now moot and that this appeal should therefore be dismissed.

Dated: 3/24/04

Respectfully submitted
Gerrity Company Incorporated
By its Counsel,

_____
Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

3

CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Motion has been served, via facsimile and regular mail, upon James F. Creed, Jr., Esq., Creed & Formica, Counsel to the Appellants, 1329 Highland Avenue, Needham Massachusetts 02492 and by regular United States mail, postage prepaid, to all other Defendants on the annexed list.

Dated: 3/24/04

Gary W. Cruickshank, Esq.

4

Richard Hackel, Esq.
98 N. Washington Street
Boston MA 02114

James Creed, Jr., Esq.
Creed & Formica
1329 Highland Avenue
Needham MA 02492

David Madoff, Esq.
Cohn, Khoury, Madoff & Whitesell
101 Arch Street
Boston MA 02110

Stephen Greenbaum, Esq.
Greenbaum, Nagel, Fisher & Hamelburg
200 High Street
Boston MA 02110

United States Trustee
1184 Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street
Boston MA 02222

Peter Young, Esq.
90 Oak Street
Newton Upper Falls MA 02464

Stephen Shamban, Esq.
639 Granite Street
Box 850973
Braintree MA 02185

Cape Cod Lumber Co.
403 Bedford Street
Abington MA 02353

CNJ, Inc.
421 Bedford Street
Whitman MA 02382

PA Landers, Inc.
24 Factory Pond Road
Hanover MA 02339

Kevin and Susan Kiley
151 Planting Fields Road
Marshfield MA 02050

Town of Pembroke
Town Hall
Pembroke MA 02359

North River Plumbing
44 Mountain Avenue
Pembroke MA 02359

Sampson Lumber Co.
P.O. Box 790
Pembroke MA 02359

Commonwealth of Massachusetts
Department of Revenue
P.O. Box 55484
Boston MA 02205

Scott and Sandra Kearns
c/o Kethro & Thomas
1165 Washington Street
Hanover MA 02339

Paula Ingham
f/k/a Pamela Delaney
35 Misty Meadow Road
Pembroke MA 02359

Delancon Corp.
c/o Michael Delaney
183 Columbia Road
Hanover MA 02339

Michael Delaney
78 Lowell Road
Pembroke MA 02359

Michael Delaney
Box 726
Hanover MA 02339

Matthew Delaney
47 Wintergreen Farm Road
Pembroke MA 02359

Quail Run Realty Trust
c/o Michael Delaney
48 Fieldstone Drive
Hanover MA 02339