UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. DELANEY, <br> Debtor. | ) <br> ) <br> ) Bankruptcy Appeal <br> ) C.A. No. 04-10393-NG <br> ) |

APPELLANTS, J. BRIAN MOORE AND LAURA M.MOORE,
RESPONSE TO APPELLEE'S MOTION TO DISMISS APPEAL
DUE TO MOOTNESS

To the Honorable Nancy Gertner, Judge, United States District Court:

NOW COME the Appellants, J. Brian Moore and Laura M. Moore, and do hereby respond to the Appellee' Motion of Gerrity Company Incorporated For Order Dismissing Appeal Due to Mootness, as follows:

The Appellee's rationale for dismissal due to mootness is based on a foreclosure sale[1], and is set forth at ¶5 of the Motion and states, ". . . said Real Estate can no longer be transferred by the Chapter 7 Trustee of Mr. Delaney[2] . . .". The Appellee relies primarily on the cases of Tornheim v. Source One Mortgage Services, 108 F.3d 329 (CA2 1997)(Unpublished); and, In Re: Onouli-Kona Land Co., 846 F.2d 1170 (CA9 1988). The First Circuit defines mootness, as follows:

> "Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief. *See, e.g., In re Stadium Management Corp.*,

---

[1] The Appellees Motion attached a copy of the Foreclosure Deed as an Exhibit to the Affidavit of Peter J. Young, and at page 2 states that it is "subject to a judicial lien in the amount of $30,000.00" in favor of the Appellants, and references the prior civil action in the Massachusetts Superior Court. In point of fact the judgment is not a judicial lien, rather a determination of priority of mortgage interests based on the actual knowledge of the Appellee of the Appellants prior unrecorded interest in the real estate.

[2] In point of fact the Trustee, in his answer to the initial complaint, disavowed any interest in the property, and interplead the claim to the discretion of the Bankruptcy Court for determination, requesting that the Appellant and Appellee file claims with that Court and that the disposition of the property be determined by that Court. App.Rec.No.2.

895 F.2d 845, 847 (1st Cir.1990); *In re: AOV Industries, Inc.*, 792 F.2d 1140, 1147-48 (D.C.Cir.1986), *vacated in part on other grounds*, 797 F.2d 1004 (D.C.Cir.1986) (mootness involves "constitutional" and "equitable" aspects); *In re Texaco, Inc.*, 92 B.R. 38, 45 (S.D.N.U.1988) (same). Jurisdictional concerns may arise from the constitutional limitations imposed on the exercise of Article III judicial power in circumstances where no effective remedy can be provided, or from a loss of jurisdiction over the *res* or the parties, before or during the appeal, which renders the appellate court powerless to grant the requested relief." Public Service Company of New Hampshire v. Northeast Utilities Service Group, 963 F.2d 469, 471 (CA1 1992).

A determination of mootness, however, is so straightforward, as the Tornheim Court noted in citing to In re Sullivan Central Plaza, I, Ltd, 914 F.2d 731, 733 (5th Cir.1990), "If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will <u>ordinarily</u> be unable to grant any relief. Accordingly, the appeal will be moot." (Emphasis added) 108 F.3d 329.

The United States District Court for the District of New Jersey, in reviewing the caselaw on mootness in bankruptcy appeals, determined:

> "The Court acknowledges that the mootness rule may not be without exception. Other courts have recognized and considered certain exceptions to the mootness rule. *See, e.g., OnouliKona*, 846 F.2d at 1173. Whether certain exceptions exist appears to depend upon (1) the policies underpinning a court's adoption of the mootness rule and (2) the interplay of the relevant provisions of the bankruptcy code under which a bankruptcy court may authorize the foreclosure or sale of a debtor's assets. *West End Associates, L.P. v. Sea Green Equities*, 166 B.R. 572, 575 (D.N.J.1994)

> "The *Onouli-Kona* court also noted that the mootness rule also derives from the inability to fashion relief after a property has been sold, but that relief may be available in certain circumstances, including where the purchaser is a party to the subject appeal. *Id.* Thus, while the purpose of finality may have been the impetus for the Ninth Circuit's early decisions involving the mootness rule, the ability of an appellate court to provide relief may create an exception to the rule's application.

> "The Fifth Circuit has concluded that the mootness rule does not derive from the need for finality, but from the lack of available relief from the appellate court. *Sullivan Central Plaza*, 914 f.2d at 734 & n.7. While these two circuits may disagree on the policies underpinning the development of the mootness rule, they appear to reach the same result: an exception to the mootness rule may apply where the appellate court has the ability and

power to fashion relief following a sale of property in the absence of a stay pending appeal." Id., at 575-76.

"The Ninth Circuit has carved out two exceptions to the mootness rule: (1) "where real property is sold to a creditor subject to a right of redemption" and (2) "where state law would otherwise permit the transaction to be set aside." *Mann*, 907 F.2d at 926. While these exceptions were formulated and refined in *Mann*, and other cases, with respect to property sales under section 363, they have also been applied to foreclosure sales under section 362. In *In re Sullivan Central Plaza, Inc., Ltd.*, 106 B.R. 934, 937 (N.D.Tex. 1989), the district court recognized an exception to the mootness rule where, subsequent to section 362(d) order, debtor's property is purchased by a creditor who is a party to the pending appeal and where the applicable state law provides a statutory right of redemption. The Fifth Circuit Court of Appeals affirmed the decision, but concluded that the scope of relief should not be limited to statutory redemption rights exclusively, but should include any other relief that might be available under the relevant state law. *Sullivan Central Plaza*, 914 F.2d at 734.

"At this juncture in the analysis, there appears to be consensus among the federal courts, which would provide that this Court "cannot fashion a remedy [for West End] unless the applicable state law provides one. *Id.* At 735. *West End Associates, L.P. v. Sea Green Equities*, 166 B.R. 572, 576-77 (D.N.J.1994).

The First Circuit has also opined on this issue, and noted:

"There are two complementary policies at work in §363 and the Bankruptcfy Code cases. The first emphasizes the importance of encouraging finality in bankruptcy sales by protecting good faith purchasers and thereby increasing the value of the assets that are for sale. See, e.g., *In re Onouli-Kona Land Co.*, 846 F.2d at 1172 ("the primary goal of the mootness rule is to protect the interest of a good faith purchaser ... of the property thereby assuring finality of sale." (quotation and citation omitted)); *Greylock Glen Corp. v. Community Sav. Bank*, 656 F.2d 1, 4 (1st Cir.1981); *In re Sax*, 796 F.2d at 998 (finality increases value). The second policy is broader and stresses a court's general jurisdictional bar from deciding cases in which it cannot provide a remedy. See, e.g., *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 132-33, 40 L.Ed. 293 (1895) (discussing generally court's impossibility of relief mootness policy); *In re Cantwell*, 639 F.2d 1050, 1053 (2d Cir.1981) ("generally, an appeal will be dismissed as moot when events occur during the pendency of an appeal [that] prevent the appellate court from granting any effective relief"). Both of these policies have existed in bankruptcy law long before the most recent code and are based in the caselaw as well as the statute. The two policies interact because the finality rule limits the remedies a court can offer. *Miami Center*, 820 F.2d at 379 (the rationale for dismissing as moot certain cases is that "a court cannot order relief without compromising the integrity of the sale of the property to a good faith purchaser."). <u>Stadium Management Corp., Anheuser-Busch, Inc. v. Miller</u>, 895 F.2d 845, 847-48 (CA 1 1990).

The Court's mootness analysis must be congruous with these principles. In all other respects the Appellants rely on their Brief and Appendix thereto.

Respectfully submitted,
For the Appellants,
By their attorneys,

James F. Creed, Jr.
BBO#552138
CREED & FORMICA
1329 Highland Avenue
Needham, MA  02492
(617) 449-4600

Date:   March 31, 2004

CERTIFCIATE OF SERVICE

I, Deborah Rizzotto, hereby certify that on this date I caused a true copy of APPELLANTS, J.BRIAN MOORE AND LAURA M.MOORE, RESPONSE TO APPELLEE'S MOTION TO DISMISS APPEAL DUE TO MOOTNESS to be served on the following by first class mail, postage prepaid:

David B. Madoff, Esquire
Chapter 7 Trustee
Cohn, Khoury, Madoff & Whitesell
101 Arch Street
Boston, MA  02110

Gary Cruickshank, Esquire
21 Custom House Street, Suite 920
Boston, MA  02110

United States Trustee
1184 Thomas P. O'Neill, Jr.
 Federal Building
10 Causeway Street
Boston, MA  02222

Gerrity Company, Inc.
c/o Stephen A. Greenbaum, Esquire
Greenbaum Nagel Fisher & Hamelburg
200 High Street
Boston, MA  02110

Cape Cod Lumber Co., Inc.
c/o Michael S. Kalis, Esquire
632 High Street
Dedham, MA  02026

Comm. Of Mass Dept. of Revenue
c/o Stephen G. Murphy
Counsel to the Commissioner
Massachusetts Department of Revenue
51 Sleeper Street, PO Box 9486
Boston, MA  02205-9486

Kevin P. Kiley and Susan Kiley
c/o Wilson D. Rogers, Jr., Esquire
The Rogers Law Firm
One Union Street
Boston, MA  02108

Town of Pembroke
c/o Joel B. Bard, Esquire
Kopelman and Paige, PC
31 St. James Avenue
Boston, MA  02116-4102

North River Plumbing, Heating
  & Water Filtration
44 Mountain Avenue
Pembroke, MA  02359

C.N.J., Inc.
421 Bedford Street
Whitman, MA  02382

Sampson Lumber Co., Inc.
PO Box 1149
Pembroke, MA  02359

Scott and Sandra Kearns
c/o Kethro & Thomas, PC
1165 Washington Street
Hanover, MA  02339

Cape Cod Lumber Co., Inc.
PO Box 2013
Abington, MA  02351-0513

Kevin P. Kiley and Susan Kiley
47 Colasanti Drive
Weymouth, MA  02191

Town of Pembroke
Town Hall
Pembroke, MA  02359

P.A. Landers, Inc.
c/o Elliot M. Sherman, Esquire
Baron Burgess & Trifilo, LLP
45 Fairfield Street
Boston, MA  02116

P.A. Landers, Inc.
24 Factory Pond Road
Hanover, MA  02339

Stephen E. Shamban, Esquire
639 Granite Street
PO Box 850973
Braintree, MA  02185

Quail Run Realty Trust
c/o Michael Delaney
48 Fieldstone Drive
Pembroke, MA  02359

Pamela Ingham
35 Misty Meadow Road
Pembroke, MA  02359

Scott Peterson, Esquire
Healy & Healy, PC
15 Walnut Street
Wellesley, MA  02481

Matthew Delaney
47 Wintergreen Farm Road
Pembroke, MA  02359

Michael Delaney
PO Box 726
Hanover, MA  02339

Delancon Corp.
c/o Michael Delaney
48 Fieldstone Drive
Pembroke, MA  02359

Richard S. Hackel, Esquire
98 N. Washington Street
Boston, Massachusetts  02114

_____
Deborah Rizzotto

Dated: