# GARY W. CRUICKSHANK
ATTORNEY-AT-LAW
21 CUSTOM HOUSE STREET, SUITE 920
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 330-1960
TELEFAX (617) 330-1970
gwc@cruickshank-law.com

March 24, 2004

Mary Ellen Molloy, Courtroom Clerk
To the Honorable Nancy Gertner
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Suite 4130
Boston MA 02210

    Re:  Michael J. Delaney
         Bankruptcy Appeal
         C.A. No. 04-10393-NG

Dear Ms. Molloy:

    Enclosed for filing in the above captioned case please find the following documents:

    1. Motion of Gerrity Company Incorporated for Order Dismissing Appeal Due to Mootness;

    2. Motion of Gerrity Company Incorporated for Extension of Time to File Appellee's Brief and Request for Expedited Consideration.

                              Very truly yours,

                              Gary W. Cruickshank

GWC/am
Enclosure
cc: Service List
    Peter Young, Esq.
    Stephen Greenbaum, Esq.

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| In Re: | ) | Bankruptcy Appeal |
| MICHAEL J. DELANEY | ) | C.A. No. 04-10393-NG |
| Debtor | ) |   |

MOTION OF GERRITY COMPANY INCORPORATED
FOR ORDER DISMISSING APPEAL DUE TO MOOTNESS

To the Honorable Nancy Gertner, United States District Judge:

Now comes Gerrity Company Incorporated (hereinafter "Gerrity") and respectfully moves that this Court dismiss the above captioned appeal due to mootness and in support thereof, Gerrity submits the following:

1. The subject matter of this appeal is real estate known and numbered as Lot 2-4 Mattakeesett Street a/k/a 74 Wintergreen Farm Road, Pembroke, Massachusetts (hereinafter the "Real Estate").

2. Pursuant to an Order of the Honorable Carol J. Kenner, Bankruptcy Judge, dated December 29, 2003, a copy of which is annexed hereto and marked Exhibit A, Gerrity was granted relief from stay to foreclose upon the Real Estate (the "Relief from Stay Order").

3. The Notice of Appeal in this case did not appeal the Relief from Stay Order and if it was deemed that this appeal addresses the Relief from Stay Order, then no stay of the Relief from Stay Order was obtained by the Appellants.

4. Annexed hereto and marked Exhibit B is the Affidavit of Peter Young, with Exhibits, which indicates that the Real Estate has been subject to a foreclosure sale. A foreclosure deed regarding the Real Estate was recorded on March 22, 2004 with the Plymouth County Registry of Deeds.

5. As a result of the Relief from Stay Order and the completion of the foreclosure sale of the Real Estate, the relief requested by the Appellant in this appeal is subject to the doctrine of mootness since said Real Estate can no longer be transferred to the Appellants by the Chapter 7 Trustee of Mr. Delaney:

> "When the appellant has failed to obtain a stay pending appeal, the foreclosure and resale of the property renders moot any appeal from an order lifting the automatic stay under 11 U.S.C. 362(d)." "If the debtor fails to obtain a stay and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly the appeal will be moot. <u>Tornheim v. Source One Mortgage Services</u>, 108 F.3d 329, (1997 2nd Cir. Unpublished Decision). Also citing <u>In Re Onouli-Kona Land Co.</u>, 846 F.2d 1170, 1171 (9th Cir. 1988).

> "The Constitution forbids the issuance of advisory opinions by Federal Courts. A conclusion of mootness is proper here ..." <u>Shadduck v. Rodalakis</u>, 221 B.R. 579 (Bankr.D.Mass. 1998).

As indicated by the Appellants on pages 37 and 38 of their Brief,

> "A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, or alternatively when the party invoking Federal Court jurisdiction no longer has a personal stake in the outcome of the controversy". Citing <u>Boston and Maine Corp. v.</u>

2

Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1rst Cir. 1996)."

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory options, (sic) on abstract propositions of law." Citing Laurence H. Tribe, American Constitutional Law, Section 3-11 at 83 (2nd Edition 1988) and Thomas R.W. v. Massachusetts Department of Education, 130 F.3d 477, 479 (1997).

## CONCLUSION

Due to the foreclosure sale of the Real Estate, the vesting of the Real Estate in the Appellants pursuant to 11 U.S.C. 365(i) cannot occur. Gerrity respectfully states that the issues involved in this appeal are now moot and that this appeal should therefore be dismissed.

Respectfully submitted
Gerrity Company Incorporated
By its Counsel,

Dated: 3/24/04

Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

3

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Motion has been served, via facsimile and regular mail, upon James F. Creed, Jr., Esq., Creed & Formica, Counsel to the Appellants, 1329 Highland Avenue, Needham Massachusetts 02492 and by regular United States mail, postage prepaid, to all other Defendants on the annexed list.

Dated: 3/24/04

Gary W. Cruickshank, Esq.

Richard Hackel, Esq.
98 N. Washington Street
Boston MA 02114

James Creed, Jr., Esq.
Creed & Formica
1329 Highland Avenue
Needham MA 02492

David Madoff, Esq.
Cohn, Khoury, Madoff & Whitesell
101 Arch Street
Boston MA 02110

Stephen Greenbaum, Esq.
Greenbaum, Nagel, Fisher & Hamelburg
200 High Street
Boston MA 02110

United States Trustee
1184 Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street
Boston MA 02222

Peter Young, Esq.
90 Oak Street
Newton Upper Falls MA 02464

Stephen Shamban, Esq.
639 Granite Street
Box 850973
Braintree MA 02185

Cape Cod Lumber Co.
403 Bedford Street
Abington MA 02353

CNJ, Inc.
421 Bedford Street
Whitman MA 02382

PA Landers, Inc.
24 Factory Pond Road
Hanover MA 02339

Kevin and Susan Kiley
151 Planting Fields Road
Marshfield MA 02050

Town of Pembroke
Town Hall
Pembroke MA 02359

North River Plumbing
44 Mountain Avenue
Pembroke MA 02359

Sampson Lumber Co.
P.O. Box 790
Pembroke MA 02359

Commonwealth of Massachusetts
Department of Revenue
P.O. Box 55484
Boston MA 02205

Scott and Sandra Kearns
c/o Kethro & Thomas
1165 Washington Street
Hanover MA 02339

Paula Ingham
f/k/a Pamela Delaney
35 Misty Meadow Road
Pembroke MA 02359

Delancon Corp.
c/o Michael Delaney
183 Columbia Road
Hanover MA 02339

Michael Delaney
78 Lowell Road
Pembroke MA 02359

Michael Delaney
Box 726
Hanover MA 02339

Matthew Delaney
47 Wintergreen Farm Road
Pembroke MA 02359

Quail Run Realty Trust
c/o Michael Delaney
48 Fieldstone Drive
Hanover MA 02339

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

```
*********************************
                                *
In re                           *
                                *    Chapter 7
MICHAEL J. DELANEY,             *    Case No. 02-12083-CJK
                                *
                                *
               Debtor           *
*********************************
```

## ORDER ON
## SECOND MOTION OF GERRITY COMPANY
## FOR RELIEF FROM THE AUTOMATIC STAY

For the reasons set forth in the separate memorandum of decision issued today, the Second Motion of Gerrity Company for Relief from the Automatic Stay is hereby ALLOWED: Gerrity Company is hereby granted relief from the automatic stay to exercise its rights as to the real property located at Lot 2-4 Mattakeesett Street, a/k/a Lot 2-4 Wintergreen Farm Road, Pembroke, Massachusetts, including by taking possession of and foreclosing its mortgage on the property.

Date: 12/29/03

Carol J. Kenner
United States Bankruptcy Judge

cc: Gary Cruickshank, Esq., for Gerrity Company
    James F. Creed, Jr., for Brian and Laura Moore
    Richard Hackel, Esq., for Brian and Laura Moore
    David Madoff, Esq., Chapter 7 Trustee
    All Defendants in Adversary Proceeding 02-1241

Exhibit A

## AFFIDAVIT

I, Peter J. Young of 90 Oak Street, Newton Upper Falls, Massachusetts, do under oath depose and say that:

1. I am the attorney representing the foreclosing holder Gerrity Company Incorporated of 90 Oak Street, Newton Upper Falls, Massachusetts, regarding a mortgage from Michael J. Delaney, Trustee of Quail Run Realty Trust to the Gerrity Company Incorporated, which mortgage was dated May 14, 1998 and was recorded with the Plymouth County Registry of Deeds in Book 16206, Page 247, covering the property known as Lot 2-4 (74) Wintergreen Farm Road, Pembroke, Massachusetts.

2. The foreclosure on the above property was held at the premise on February 13, 2004. Prior to that date, I complied with G.L. c. 244 Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices certified mail, return receipt requested to the owner of the equity of redemption and to junior and senior lienors. I also notified a party of interest by the service of the Norfolk Deputy Sheriff Office. I had published on January 15, January 22, and January 29, 2004, as required by statue, the Notice Of Mortgagee's Sale of Real Estate in two newspapers; Pembroke Reporter Newspaper and The Patriot Ledger Newspaper (copies of those publications are attached as Exhibits A with Gerrity Foreclosure Deed).

3. At the foreclosure sale, one other individual, beside myself, bid for the purchase of the above property, and that person was Mary Manini of Lowell, Massachusetts, who was representing Pamela Sheehan of 111 Dean Street, Taunton, Massachusetts. Pamela bid for the above property was $356,000.00.

4. Under the Memorandum of Sale dated February 13, 2004, Pamela had until 11:00 A. M on March 15, 2004, to purchase said property and to pay the balance of the purchase price of $331,000.00.

5. After several telephone calls to the Attorney Thomas J. Filipek of Taunton, Massachusetts, and after letters that were faxed to Attorney P. Burke Fountain also of Taunton, Massachusetts, the buyer has failed to close and purchase Lot 2-4 Wintergreen Farm Road, Pembroke, Massachusetts from the Gerrity Company Incorporated.

6. On March 22, 2004 a Foreclosure Deed was executed in favor of the Gerrity Company Incorporated, the second highest bidder, at a purchase price of $355,000.00.

Exhibit 3

Signed under the penalties of perjury this 22nd day of March, 2004.

_____
Peter J. Young

COMMONWEALTH OF MASSACHUSETTS

Middlesex. ss                                                                 March 22, 2004

Then personally appeared the above-named Peter J. Young and he acknowledged that the foregoing instrument was his free act and deed, before me,

_____
Louis Branch Harding, IV Notary Public
My Commission Expires:
February 4, 2011

```
                                                          35703
                                                   Received & Recorded
                                                    PLYMOUTH COUNTY
                                                    REGISTRY OF DEEDS
                                                   22 MAR 2004  02:03PM
                                                    JOHN R.BUCKLEY, JR.
                                                        REGISTER
                                                    Bk 27775 Pg 242-248
```

## MASSACHUSETTS FORECLOSURE DEED BY CORPORATION

**GERRITY COMPANY, INCORPORATED**

a corporation duly established under the laws of Delaware

and having its usual place of business at 90 Oak Street, Newton Upper Falls, Middlesex County, Massachusetts

holder of a mortgage

from Michael J. Delaney, Trustee of Quail Run Realty Trust under a Declaration of Trust dated November 7, 1997 and recorded with the Plymouth County Registry of Deeds at Book 15633, Page 175

to Gerrity Company, Incorporated

which mortgage is dated May 14, 1998 and recorded with the Plymouth County Registry of Deeds in Book 16206, Page 247,

by the power conferred by said mortgage and every other power, for Three Hundred Fifty Five Thousand ($355,000.00) Dollars paid, grants to

**GERRITY COMPANY, INCORPORATED**, a Delaware Corporation doing business at 90 Oak Street, Newton Upper Falls, Middlesex County, Massachusetts,

the premises conveyed by said mortgage.

The land located on the Northerly side of Mattakeesett Street in Pembroke, Plymouth County, Massachusetts and being shown as Lot 2-4 on a plan of Land entitled "Definitive Subdivision Plan of Wintergreen Farm Road, Phase 2, Pembroke, MA", dated February 10, 1997, revised March 14,1997 and recorded with the Plymouth County Registry of Deeds as Plan No. 364 of 1997 together with the right to use the streets and ways as shown on said plan for all purposes for which streets and ways are commonly used in the Town of Pembroke in common with others so entitled.

For mortgagors' title see deed recorded with the Plymouth County Registry of Deeds in Book 15633, Page 182.

*Property Address: Lot 2-4 (74) Wintergreen Farm Road, Pembroke, Massachusetts*

Mail To:
Peter J. Young, Esquire
90 Oak Street
Newton Upper Falls, MA 02464

1

Said Lot 2-4 is subject to a judicial lien in the amount of $30,000.00 in favor of James Brian Moore and Laura M. Moore by the Plymouth Superior Court in the case of J. Brian Moore et al. v. Michael J. Delaney et al., having a Civil Docket Number 99-00181 B.

The premises is subject to an Order of Conditions as set forth in instrument dated September 12, 1994 and recorded with Plymouth County Registry of Deeds in Book 13478, Page 237.

The premises is subject to an Drainage Easement and Covenants as set forth in instrument dated June 12, 1995 and recorded with Plymouth County Registry of Deeds in Book 13628, Page 90-95.

The premises is subject to easement to the Boston Edison Co., as set forth in instrument dated April 13, 1952 and recorded with the Plymouth County Registry of Deeds in Book 2128, Page 252.

The premises is subject to easement to the Boston Edison Co., as set forth in instrument dated January 25, 1951 and recorded with the Plymouth County Registry of Deeds in Book 2142, Page 461.

The premises is subject to a Street and Way Easement as set forth in instrument dated November 7, 1997 and recorded with the Plymouth County Registry of Deeds in Book 15633, Page 171.

The premises is subject to an Extension of the Declaration of Protective Covenants for Wintergreen Farm Subdivision dated November 7, 1997 and recorded with the Plymouth County Registry of Deeds in Book 15633, Page 173.

   WITNESS the execution and the corporate seal of said corporation this 22nd day of March, 2004.

                              GERRITY COMPANY,
                              INCORPORATED


                              _____
                              James F. Gerrity III, President

2

## Commonwealth of Massachusetts

__Middlesex__ ss.                                        __March 22,__ 20__04__

Then personally appeared the above named <u>James F. Gerrity III, President</u>
<u>of the Gerrity Company, Incorporated</u>
and he acknowledged the foregoing instrument to be the free act and deed of the
<u>Gerrity Company, Incorporated</u>

before me,

Peter J. Young, Notary Public
My Commission Expires:
October 15, 2010

3

# AFFIDAVIT

James F. Gerrity III, President of the Gerrity Company, Incorporated of Newton Upper Falls, Middlesex County, Massachusetts named in the foregoing deed, make oath and say that the principal and interest obligations mentioned in the mortgage above referred to were not paid or tendered or performed when due or prior to the sale, and that Gerrity Company, Incorporated

published on January 15, January 22 and January 29, 2004 in the Pembroke Reporter Newspaper and The Patriot Ledger Newspaper

two newspapers published or by its title pages purporting to be published in Pembroke, Massachusetts

and having a circulation therein, notices of which the following are true copies

### See Attached Exhibits A

I also complied with G.L. c. 244 Section 14 of the Massachusetts General Laws as amended by mailing the required notices certified mail, return receipt requested to the owner or owners of the equity of redemption and to junior and senior lienors, and also notified a party of interest by the service of the Norfolk Deputy Sheriff Office and by publishing as required by said statute as shown on the attached Exhibits A, hereto.

Pursuant to said notice at the time and place therein appointed, the said Gerrity Company, Incorporated of Newton Upper Falls, Middlesex County, Massachusetts,

        sold the mortgaged premises at public auction by

Edwin J. Payton an auctioneer, to GERRITY COMPANY, INCORPORATED, a Delaware Corporation, doing business at 90 Oak Street, Newton Upper Falls, Middlesex County, Massachusetts,

above named, for Three Hundred Fifty Five Thousand ($355,000.00) Dollars

bid by GERRITY COMPANY, INCORPORATED, being the second highest bid made therefor at said auction.

                                            _____
                                            James F. Gerrity III, President

4

Signed and sworn to by the said James F. Gerrity III, President, March 22, 2004, before me,

Peter J. Young, Notary Public
My Commission Expires:
October 15, 2010

## Exhibit A

**Notice Of Mortgagee's Sale Of Real Estate**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael J. Delaney, Trustee of Quail Run Realty Trust to Gerrity Company, Incorporated, dated May 14, 1998 and recorded with the Plymouth County Registry of Deeds at Book 16206, Page 247, of which mortgage Gerrity Company, Incorporated is the present holder, for breach of the conditions of said mortgage and for the purposes of foreclosing, the same will be sold at Public Auction at 11:00 a.m. on February 13, 2004, on the mortgaged premises located at Lot 2-4 (74) Wintergreen Farm Road, Pembroke, Plymouth County, Massachusetts, all and singular the premises described in said mortgage,

TO WIT:

The land located on the Northerly side of Mattakeesett Street in Pembroke, Plymouth County, Massachusetts and being shown as Lot 2-4 on a plan of Land entitled "Definitive Subdivision Plan of Wintergreen Farm Road, Phase 2, Pembroke, MA", dated February 10, 1997, revised March 14, 1997 and recorded with the Plymouth County Registry of Deeds as Plan No. 364 of 1997 together with the right to use the streets and ways as shown on said plan for all purposes for which streets and ways are commonly used in the Town of Pembroke in common with others so entitled.

For mortgagors' title see deed recorded with the Plymouth County Registry of Deeds in Book 15633, Page 182.

Said Lot 2-4 is subject to a judicial lien in the amount of $30,000.00 in favor of James Brian Moore and Laura M. Moore by the Plymouth Superior Court in the case of J. Brian Moore et al. v. Michael J. Delaney et al., having a Civil Docket Number 99-00181 B.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, building, zoning and environmental laws, rights of tenants and parties in possession, covenants, liens or claims in the nature of liens, improvements, public assessment, any and all unpaid taxes, tax titles, tax liens, water liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

**TERMS OF SALE:**

A deposit of Five Thousand ($5,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of the sale. The balance is to be paid by certified or bank check at the Law Office of Peter J. Young Esquire, 90 Oak Street, Newton Upper Falls, Massachusetts 02464, or by mail to P.O. Box 9111, Newton Upper Falls, Massachusetts 02464, within thirty (30) days from the date of sale. The successful bidder at the sale of the premises shall be required to sign a Memorandum of Sale containing the above terms at the Auction Sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication.

In the event that any successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale or the terms of the Memorandum of Sale executed by him/her at the time of the foreclosure, the mortgagee reserves the right to sell the mortgaged premises which is the subject of such default to the respective bidder who made the second highest bid on the mortgaged premises provided that the second highest bidder shall deposit with mortgagee's attorney the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previously highest bidder. Title shall be conveyed to said second highest bidder within twenty (20) days of said written notice.

The mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date.

Other terms, if any, to be announced at the sale.

GERRITY COMPANY, INCORPORATED
Present holder of said mortgage
By its Attorney,
Peter J. Young, Esquire
90 Oak Street
Newton Upper Falls,
MA 02464
(617) 244-6299
Jan. 15, 22, 29

6

# Exhibit A

**Notice Of Mortgagee's Sale Of Real Estate**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael J. Delaney, Trustee of Quail Run Realty Trust to Gerrity Company, Incorporated, dated May 14, 1998 and recorded with the Plymouth County Registry of Deeds at Book 16206, Page 247, of which mortgage Gerrity Company, Incorporated is the present holder, for breach of the conditions of said mortgage and for the purposes of foreclosing, the same will be sold at Public Auction at 11:00 a.m. on February 13, 2004, on the mortgaged premises located at Lot 2-4 (74) Wintergreen Farm Road, Pembroke, Plymouth County, Massachusetts, all and singular the premises described in said mortgage.

TO WIT:

The land located on the Northerly side of Mattakeesett Street in Pembroke, Plymouth County, Massachusetts and being shown as Lot 2-4 on a plan of Land entitled "Definitive Subdivision Plan of Wintergreen Farm Road, Phase 2, Pembroke, MA", dated February 10, 1997, revised March 14, 1997 and recorded with the Plymouth County Registry of Deeds as Plan No. 364 of 1997 and together with the right to use the streets and ways as shown on said plan for all purposes for which streets and ways are commonly used in the Town of Pembroke in common with others so entitled.

For mortgagors' title see deed recorded with the Plymouth County Registry of Deeds in Book 15633, Page 182.

Said Lot 2-4 is subject to a judicial lien in the amount of $30,000.00 in favor of James Brian Moore and Laura M. Moore by the Plymouth Superior Court in the case of J. Brian Moore et al. v. Michael J. Delaney et al., having a Civil Docket Number 99-00181 B.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, building, zoning and environmental laws, rights of tenants and parties in possession, covenants, liens or claims in the nature of liens, improvements, public assessment, any and all unpaid taxes, tax titles, tax liens, water liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

TERMS OF SALE:

A deposit of Five Thousand ($5,000.00) Dollars by certified or bank check will be required to be paid by the purchaser at the time and place of the sale. The balance is to be paid by certified or bank check at the Law Office of Peter J. Young Esquire, 90 Oak Street, Newton Upper Falls, Massachusetts 02464, or by mail to P.O. Box 9111, Newton Upper Falls, Massachusetts 02464, within thirty (30) days from the date of sale. The successful bidder at the sale of the premises shall be required to sign a Memorandum of Sale containing the above terms at the Auction Sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication. In the event that any successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale or the terms of the Memorandum of Sale executed by him/her at the time of the foreclosure, the mortgagee reserves the right to sell the mortgaged premises which is the subject of such default to the respective bidder who made the second highest bid on the mortgaged premises provided that the second highest bidder shall deposit the mortgagee's attorney the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previously highest bidder. Title shall be conveyed to said second highest bidder within twenty (20) days of said written notice.

The mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date.

Other terms, if any, to be announced at the sale.

GERRITY COMPANY, INCORPORATED
Present holder of said mortgage
By its Attorney,
Peter J. Young, Esquire
90 Oak Street
Newton Upper Falls, MA 02464
(617) 244-6299

Jan. 15, 22, 29, 2004

7