# GARY W. CRUICKSHANK
ATTORNEY-AT-LAW
21 CUSTOM HOUSE STREET, SUITE 920
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 330-1960
TELEFAX (617) 330-1970
gwc@cruickshank-law.com

April 7, 2004

Maryellen Molloy, Courtroom Clerk
To the Honorable Nancy Gertner
John Joseph Moakley Courthouse
One Courthouse Way
Suite 4130
Boston MA 02210

BY HAND DELIVERY

    Re:  Moore
         v. Gerrity
         Bankruptcy Appeal C.A. No. 04-10393-NG

Dear Ms. Molloy:

    Enclosed please find a Memorandum of Law relative to a Motion to Dismiss Appeal.

                                 Very truly yours,

                                 Gary W. Cruickshank

GWC/am
Enclosure
cc:  Service List
     Peter Young, Esq.
     Stephen Greenbaum, Esq.

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In Re:                )
MICHAEL J. DELANEY    )    Bankruptcy Appeal
     Debtor          )    C.A. No. 04-10393-NG
                      )
                      )

MEMORANDUM OF LAW OF APPELLANT,
GERRITY COMPANY, INCORPORATED
RELATIVE TO MOTION TO DISMISS APPEAL

To the Honorable Nancy Gertner, United States District Judge:

Gerrity Company, Incorporated, (hereinafter "Gerrity"), one of the Appellants in the above captioned Appeal, submits the following memorandum of law in support of the Motion to Dismiss Appeal which has been filed by Gerrity (hereinafter the "Motion"), in order to address various cases cited by the Moores in their response to said Motion. Said response was filed with this Court on or about March 31, 2004.

The Moores cite the case of In Re Stadium Management Corp., 895 F.2d 845, 847 (1st Cir. 1990) in support of their position that this appeal is not moot. Gerrity asserts that the Stadium Management case is inapplicable since any discussion therein was in the context of a sale of assets pursuant to 11 U.S.C. Section 363. This appeal involves a motion for relief from stay filed by Gerrity, which was allowed by the Bankruptcy Court and not subject to appeal. Therefore, Stadium Management has no precedential value.

The case of In Re Onouli-Kona Land Co., 846 F.2d 1170 (C.A. 9, 1988) is instructive. The appeal in Onolui was in the context of a foreclosure sale. The bankruptcy court in said case ordered the auction sale rather than granting a relief from stay motion. The purchaser was the only bidder at the auction sale. The Debtor appealed but did not obtain a stay pending that appeal and ultimately the appeal was dismissed as moot.

> "In support of the policy of finality, we have applied the mootness rule regardless of whether a purchaser has taken irreversible steps following the sale." Sulmeyer v. Karback Enterprises (In Re Exennium, Inc.) 715 F.2d 1401, 1404 (9th Cir. 1983).

> "A purchaser being a party to the appeal does not change the applicability of the mootness rule." Citing Algeran, Inc. v. Advanced Ross Corp., 759 F.2d 1421, 1423 (9th Cir. 1985).

> "Finality in bankruptcy has become the dominant rationale for our decision: the trend is towards an absolute rule which requires appellants to obtain a stay before appealing a sale of assets ..." In Re Onouli-Kona Land Co., supra p.1173.

The Onouli court found an exception where the sale is subject to a right of redemption since a sale subject to right of redemption is a sale that is not truly final. The Moores have not alleged any redemption rights under state law.

> "In this case, the real property was sold to a creditor who is a party to appeal. But, the sale was not subject to a statutory right of redemption. The appellant does not qualify for our narrow exception to the mootness rule." Onouli-Kona Land Co., supra p.1174.

2

The Moores also cite the case of <u>West End Associates, LP v. Sea Green Equities</u>, 166 B.R. 572 (D.N.J. 1994) in support of their position. The <u>West End</u> case is not helpful to the Moores. In the <u>West End</u> case, a request for a stay pending appeal was filed in the Bankruptcy Court and denied. It appears from the <u>West End</u> case that a stay request was never filed properly in the District Court. At the sale, the creditor purchased the property for $100.00.

> "Where a property is sold pursuant to a bankruptcy court order and the property is sold because a stay [pending appeal of the bankruptcy court's order] has not been secured [by the debtor], an appellate court is powerless to grant effective relief and the appeal must be considered moot." <u>In Re West End Associates</u>, supra, p.574 citing various cases including <u>In Re Sun Valley Ranches, Inc.</u>, 823 F.2d 1373, 1374-5 (9th Cir. 1987).

> "At this juncture in the analysis, there appears to be consensus among federal courts, which would provide that this court cannot fashion a remedy [for West End] unless the applicable state law provides one ..." The only remedy available to <u>West End</u> is that which may be provided under New Jersey law, ... <u>In Re West End</u>, supra p.575 and 576.

The Moores cite the case of <u>In Re Cantwell</u>, 639 F.2d 1050, 1053 (2nd Cir. 1981) which does not support their position. The <u>Cantwell</u> case was decided in the context of the entry of a Chapter 7 discharge and the failure of the creditor to appeal said order. In the <u>Cantwell</u> case, the discharge was granted and was not subject to appeal. The Court ruled it could not provide any relief to the appellants therein:

3

> "Appellants cannot use their claim of the availability of a revocation procedure to bootstrap themselves within the jurisdiction of this Court notwithstanding their failure to appeal from the discharge order." In Re Cantwell, supra p.1054.

In this case, the Moores are attempting to bootstrap their purported entitlement to relief under 11 U.S.C. 365(i). It is important to note that the Moores never appealed the order of the Bankruptcy Court granting relief from stay, which is the basis upon which Gerrity conducted the foreclosure sale. Since the Moores never appealed that order, they could not obtain a stay thereof and the availability of an effective remedy in this appeal has been eliminated by virtue of the subsequent foreclosure sale.

### CONCLUSION

Gerrity was granted relief from stay by the Bankruptcy Court. Said order was not subject to appeal and therefore not subject to a stay pending appeal. There is no effective relief that can be granted to the Moores by this Court. The narrow exception to the doctrine of mootness is not applicable in this case. This appeal should be dismissed as moot.

```
                                    Respectfully submitted
                                    Gerrity Company Incorporated
                                    By its Counsel,


Dated: 4/7/04                       /s/ Gary W. Cruickshank
                                    Gary W. Cruickshank, Esq.
                                    21 Custom House Street
                                    Suite 920
                                    Boston MA 02110
                                    (617) 330-1960
                                    (BBO107600)
                                    gwc@cruickshank-law.com
```

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Supplemental Memorandum has been served, via facsimile and regular mail, upon James F. Creed, Jr., Esq., Creed & Formica, Counsel to the Appellants, 1329 Highland Avenue, Needham Massachusetts 02492 and by regular United States mail, postage prepaid, to all other Defendants on the annexed list.


Dated: 4/7/04                       /s/ Gary W. Cruickshank
                                    Gary W. Cruickshank, Esq.

5

Richard Hackel, Esq.
98 N. Washington Street
Boston MA 02114

James Creed, Jr., Esq.
Creed & Formica
1329 Highland Avenue
Needham MA 02492

David Madoff, Esq.
Cohn, Khoury, Madoff & Whitesell
101 Arch Street
Boston MA 02110

Stephen Greenbaum, Esq.
Greenbaum, Nagel, Fisher & Hamelburg
200 High Street
Boston MA 02110

United States Trustee
1184 Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street
Boston MA 02222

Peter Young, Esq.
90 Oak Street
Newton Upper Falls MA 02464

Stephen Shamban, Esq.
639 Granite Street
Box 850973
Braintree MA 02185

Cape Cod Lumber Co.
403 Bedford Street
Abington MA 02353

CNJ, Inc.
421 Bedford Street
Whitman MA 02382

PA Landers, Inc.
24 Factory Pond Road
Hanover MA 02339

Kevin and Susan Kiley
151 Planting Fields Road
Marshfield MA 02050

Town of Pembroke
Town Hall
Pembroke MA 02359

North River Plumbing
44 Mountain Avenue
Pembroke MA 02359

Sampson Lumber Co.
P.O. Box 790
Pembroke MA 02359

Commonwealth of Massachusetts
Department of Revenue
P.O. Box 55484
Boston MA 02205

Scott and Sandra Kearns
c/o Kethro & Thomas
1165 Washington Street
Hanover MA 02339

Paula Ingham
f/k/a Pamela Delaney
35 Misty Meadow Road
Pembroke MA 02359

Delancon Corp.
c/o Michael Delaney
183 Columbia Road
Hanover MA 02339

Michael Delaney
78 Lowell Road
Pembroke MA 02359

Michael Delaney
Box 726
Hanover MA 02339

Matthew Delaney
47 Wintergreen Farm Road
Pembroke MA 02359

Quail Run Realty Trust
c/o Michael Delaney
48 Fieldstone Drive
Hanover MA 02339