COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

BRISTOL, ss.
PLYMOUTH, ss.

HOUSING COURT DEPARTMENT
SOUTHEASTERN DIVISION
Docket No. 04-SP-05168

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Gerrity Company, Inc.
PLAINTIFF

v.

James Brian Moore and
Laura M. Moore
DEFENDANTS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ORDER

The Plaintiff, Gerrity Company, Inc.("Plaintiff" or "Gerrity"), filed this summary process action seeking possession against the Defendants, James Brian Moore and Laura M. Moore ("Defendants" or "Moore"). The Plaintiff is the current title owner of the Premises occupied by the Defendants. The Defendants filed a timely Motion to Dismiss pursuant to M.R.Civ.P. 12(b)(4), (6) and (9). The parties agreed to submit the case to this Court on the pleadings for a decision on both the Motion to Dismiss and, if necessary, on the summary process action in lieu of trial. The Court hereby **denies** the Motion to Dismiss pursuant to M.R.Civ.P. 12(b)(9) but, **sua sponte**, stays the trial in this matter until matters pending in the Appeals Court of the Commonwealth of Massachusetts and the U.S. District Court for Massachusetts have been resolved. The Court, after hearing, will also determine and set a reasonable amount for the Defendants' use and occupancy of the Premises pending the resolution of the various appellate matters. The Court will take no action on the Defendants' remaining two motions to dismiss

pursuant to M.R.Civ. P. 12(b)(4) and (6) pending a determination by the Appeals Court.

## PROCEDURAL AND FACTUAL BACKGROUND

This summary process action arises from a failed single family home construction and purchase transaction.[1] The Defendants signed a purchase and sale agreement with a seller/developer, one Michael Delaney, in his capacity as Trustee of the Quail Run Realty Trust (hereafter "Delaney"), to purchase property at 74 Wintergreen Farm Road [2] in Pembroke, Massachusetts for $311,000.00. Under the terms of the purchase and sale agreement, Delaney contracted to construct a single family residence for the Defendants. As a part of the sales agreement, the Defendants gave Delaney a $200,000.00 deposit. Delaney, to secure the deposit, granted the Defendants a $200,000.00 mortgage on the Premises. Neither Delaney nor the Defendants recorded the $200,000.00 executed mortgage.

Delaney subsequently was unable to develop the property as required by the terms of the Purchase and Sale Agreement. In May of 1998, Delaney applied for and was granted a loan from the Plaintiff in the amount of $251,000.00, secured by a mortgage on the Premises. The Plaintiff recorded the $251,000.00 mortgage immediately after its execution.

As part of the loan application and due diligence process, Delaney allegedly delivered to the Plaintiff a falsified copy of the executed purchase and sale agreement he had with the Defendants. This falsified agreement indicated a purchase price of the Premises of $359,000.00. The document also indicated a reduction in the amount of the Defendants' mortgage to $30,000.00 from $200,000.00.

Delaney apparently sufficiently completed the single family home to permit the Defendants to occupy it with his permission sometime in October of 1998 but a conveyance of

---

[1] The Court has summarized the factual and procedural history from both the Defendants' Motion to Dismiss Plaintiff's Complaint and the Plaintiff's Opposition to the Defendants' Motion to Dismiss and their respective supplemental briefs.

[2] The parcel was also known as Lot 2-4 Mattakeesett Street, Pembroke, MA.

2

the title from Delaney to the Defendants did not occur. The Defendants eventually determined that Delaney never recorded their "original" $200,000.00 mortgage. They then recorded the $200,000.00 mortgage in February 1999. Litigation ensued in Plymouth Superior Court, CA#99-00181-B, **J. Brian Moore et al. v. Michael J. Delaney, et al.**, as the Defendants filed suit against Delaney and the Plaintiff as the first mortgagee for the Premises. The parties have represented to this Court that no payments have been made by the Defendants to any other party for use and occupancy.

Following trial in Plymouth Superior Court in **J. Brian Moore et al. v. Michael J. Delaney et al.**, the Court (Healy, J.), entered a Declaratory Judgment in favor of the Plaintiffs, determining that: "The mortgage deed granted by Michael J. Delaney, Trustee of Quail Realty Trust, to James Brian Moore and Laura M. Moore on ...[the Premises]... executed on November 21, 1997, has priority over the mortgage deed to the same real estate granted by Michael J. Delaney, Trustee of Quail Run Realty Trust, to Gerrity Company, Inc. recorded on May 19, 1998, to the amount of $30,000.00 and no more." *Exhibit F, Plaintiff's Supplemental Brief in Support of Judgment for Possession and Execution Against the Defendants*. The parties have cross-appealed Judge Healy's judgment to the Appeals Court of the Commonwealth, #2002-P-1335, **J. Brian Moore & another v. Michael J. Delaney, Ind. & as Trustee & Others**.

The Moores have cited five separate appellate issues for review by the Appeals Court. They are as follows: "A) Where a mortgagee has actual notice of a purchase and sale agreement and an unrecorded mortgage, prior to the making of its loan, is that sufficient to give rise to a duty to make reasonable inquiry as to the validity and legal force of the purchase and sale agreement?; B) Where a mortgagee has actual notice of a purchase and sale agreement and unrecorded mortgage, prior to the making of its loan, is that sufficient to give rise to make reasonable inquiry into the validity and legal force of the unrecorded mortgage?; C) where an attorney is acting in the capacity of a notary public in taking the acknowledgment of his client for a mortgage of real

3

estate to secure the deposit of a home purchaser under a purchase and sale agreement, can his knowledge of those facts be imputed to a mortgagee that later hires that attorney's firm to represent it as a settlement agent for the grant of a mortgage on the same property?; D) Where an attorney is hired to certify title and act as a settlement agent by a mortgagee for a purchase money mortgage of real estate and that mortgagee provides the attorney with the buyer's purchase and sale agreement, and where a subsequent mortgagee hires the same attorney to certify title and act as a settlement agent for a construction loan for the same premises, can the attorney's actual notice or knowledge of the purchase and sale agreement be imputed to the second mortgagee?; and E) Whether the trial court erred by failing to impose a duty to inquire on a mortgagee that was found to have actual notice of a purchase and sale agreement and prior unrecorded mortgage."[3]

Gerrity's cross-appeal of the Superior Court judgment is as follows: "Whether the trial court erred in ruling that a non-existent mortgage that was never recorded was superior to a prior recorded mortgage in first secured position."[4]

On March 22, 2002, litigation commenced in another venue. Delaney filed for protection under Chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts, Case # 02-12083-CJK, **In re: Michael J. Delaney**, Debtor. Gerrity sought relief from the automatic stay provisions of the Bankruptcy Code in order to proceed with a foreclosure action. On December 29, 2003, the Bankruptcy Court, (Kenner, J.), granted Gerrity's request for relief and authorized it to take possession and foreclose on its mortgage as to the property at 74 Wintergreen Farm Road, Pembroke, MA. The Defendants have not appealed this Order by Judge Kenner.

Concurrently with the administration of the Chapter 7 case, the Moores brought an

---

[3] Exhibit A, Plaintiff's Supplemental Brief in Support of Judgment for Possession and Execution Against the Defendants.

[4] Exhibit B, Plaintiff's Supplemental Brief in Support of Judgment for Possession and Execution Against the Defendants

4

Adversary Proceeding in the Bankruptcy Court, #02-1341, **J. Brian Moore and Laura M. Moore v David B. Madoff, Trustee, et al.**, in which they requested that the Chapter 7 Trustee deliver title to the Premises property to them, free and clear of all liens, upon payment of the remaining purchase price under the purchase and sale agreement. They further argued that they had an equitable lien on the Premises in the amount of $200,000.00 and that, except for a real estate lien to the Town of Pembroke, this $200,000.00 lien was superior to all other liens. The Court, (Kenner, J.), on December 29, 2003, denied the Moore's various requests, determining them as either moot, on their merits, or found that the Bankruptcy Court lacked subject matter jurisdiction to determine priority of the liens. The Moores have filed a Notice of Appeal with the U.S. District Court for Massachusetts challenging the dismissal of their Adversary Complaint, #1:04-CV-10393-NG. In re: Michael J. Delaney. The parties have represented to the Court that this Appeal is pending.

The Plaintiff proceeded with foreclosure of its mortgage on the Premises. The Plaintiff conducted a foreclosure sale and, as a result of the sale, conveyed the Premises by a Massachusetts foreclosure deed to itself.[5] The Plaintiff now seeks to evict the Defendants by a summary process action in this court. The Defendants have moved to dismiss.

## MOTION TO DISMISS

The Defendants seek to have this action dismissed pursuant to M.R.Civ. P. 12(b)(4), (6) and (9)[6].

Rule 1 of both the Uniform Summary Process Rules and the Massachusetts Rules of Civil Procedure require a "just, speedy, and inexpensive determination" of every action filed in every court. The grounds for a M.R.Civ.P.12(b)(9) motion require that the same parties must be involved in the same pending action. It is clear to this Court that both the Plaintiff and the Defendants have litigated the issues of their respective mortgages and priorities in the Plymouth

---

[5] The Plaintiff's foreclosure deed was recorded with the Plymouth County Registry of Deeds on March 22, 2004 in Book 27775, Page 242 along with related documents. *Plaintiff's Exhibits 1 and 2.*

[6] M.R.Civ.P. 12(b)(4) - insufficiency of process; 12(b)(6) - failure to state a claim upon which relief can be granted; and 12(b)(9) - pendency of a prior action in a court of the Commonwealth.

5

Superior Court matter.[7] While a justice of the Superior Court has determined that the Defendants have priority in their mortgage deed over the Plaintiff's earlier recorded document in the amount of $30,000.00, the Defendants have appealed that judgment. Under the findings in Massachusetts Bread Co. v. Bruce, 13 Mass.App.Ct. 1053, 1054 (1982) and Keen v. Western New England College, 23 Mass.App.Ct. 84, 85-86 (1986), it is clear that the pendency of an appeal is a prior action in a court of the Commonwealth for purposes of a Rule 12(b)(9) motion Doe v. Governor, 381 Mass. 702 (1980). The Court notes that the summary process action before it presents questions of law that are on appeal by the Moores. The Court, though, denies without prejudice, their Motion to Dismiss pursuant to M.R.Civ.P. 12(b)(9).

However, the Court, sua sponte, hereby stays any further action in this matter in this Court pursuant to both Rule 1 of the Uniform Summary Process Rules and the Massachusetts Rules of Civil Procedure pending the final appellate determination of #2002-P-1335, J. Brian Moore & another v. Michael J. Delaney, Ind. & as Trustee & Others and the decision from the U.S. District Court on the Moore's appeal in #1:04-CV-10393 NG. In Re: Michael J. Delaney. While the appeal pending with the U.S. District Court in #1:04-CV-10393-NG. In re: Michael J. Delaney is not a "prior action" under M.R.Civ.P. 12(b)(9) and is not technically between the same parties as the summary process action, the Court does not wish to risk the possibility of inconsistent results and therefore is staying this matter until the appellate decisions have been rendered. Further, this Court will, upon motion and after hearing, determine the monthly amount that the Defendants will pay into the Court for the continued use and occupancy of the Premises.

This Court will take no action on the Defendants' remaining two motions to dismiss pursuant to M.R.Civ.P. 12(b)(4) and (6) for the same reasons.

### ORDER

1. Proceedings in this action, #04-SP-05168, are stayed pending final appellate determination of #2002-P-1335, J. Brian Moore & another v. Michael J. Delaney, Ind. & as Trustee & Others and the decision from the U.S. District Court on the Moore's appeal in #1:04-

---

[7] In the Superior Court case, the Court has only heard the claims between Gerrity and the Moores related to the priorities. The parties have represented to this Court that other claims with other parties are still pending in CA#99-00181-B, J. Brian Moore et al. v. Michael J. Delaney, et al.

6

CV-10393 NG. In Re: Michael J. Delaney.

2. Should the Plaintiff prevail in the Massachusetts Appeals Court, a motion for entry of judgment for possession shall lie with this Court.

3. Should the Defendants prevail in the Massachusetts Appeals Court and the U.S. District Court, the Court will consider an appropriate motion to dismiss this action.

4. The Court shall hear oral argument as to payment into the Court by the Defendants for use and occupancy of the Premises during the pendency of the appeal in the Appeals Court and the U.S. District Court.

WILBUR P. EDWARDS, JR.
ASSOCIATE JUSTICE

Date: August 25, 2004

cc:  James E. Creed, Jr., Esq.
     Stephen A. Greenbaum, Esq.
     Natalie R. Sika, Esq.

7