UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
In re:                           )
MICHAEL J. DELANEY               )
     Debtor,                     )
                                 )
J. BRIAN MOORE,                  )    C.A. No. 04-10393-NG
LAURA M. MOORE,                  )
     Plaintiffs,                 )
                                 )
     v.                          )
                                 )
DAVID B. MADOFF, et al.,         )
     Defendants.                 )
```
GERTNER, D.J.:

**MEMORANDUM AND ORDER RE:**
**DEFENDANT GERRITY COMPANY'S MOTION TO DISMISS**
November 22, 2004

I.  **INTRODUCTION**

Gerrity Company ("Gerrity"), one of the respondents in this bankruptcy appeal, moves this Court to dismiss petitioners' bankruptcy appeal as moot [docket entry #4]. In their appeal, the petitioners J. Brian Moore and Laura Moore ("the Moores") seek review of the bankruptcy court's order lifting a stay that had prohibited the bankruptcy debtor's estate from proceeding with a foreclosure sale. For the reasons stated below, the motion to dismiss due to mootness is hereby **DENIED**.[1]

---

[1] Gerrity has also requested a hearing on its motion [docket entry # 6]. Because I deny Gerrity's motion on the pleadings, a hearing is unnecessary. Gerrity's motion for a hearing is therefore also **DENIED.**

II. **FACTS**

The dispute in this case is over a parcel of land identified as "Lot 2-4" located at 74 Wintergreen Farm Road, Pembroke, Massachusetts ("the premises").  On November 21, 1997, petitioners Brian and Laura Moore entered into a Purchase and Sale Agreement ("P&S") with Michael Delaney, the ultimate debtor in bankruptcy.  In October of 1998, after the Moores made a payment of $200,000 towards the $311,000 purchase price, Delaney granted them physical possession of the premises.  Under the terms of the P&S, the title was to have been conveyed to the Moores on May 27, 1998, but this date was extended numerous times.  Despite the agreement, title was neither transferred, nor was the $200,000 down payment returned.  No mortgage or other encumbrance in favor of the Moores was ever recorded.

At the time the Moores entered into the P&S, the deed to the premises was in the name of Quail Run Realty Trust ("Quail Run"), the primary beneficiaries of which were Delancon Corporation and Pamela Delaney.  Based on the pleadings filed by the Moores, however, it appears that Michael Delaney, in addition to being the trustee and administrator, was the *de facto* sole beneficiary of Quail Run.  Although Pamela Delaney was listed as a 30% beneficiary of the Quail Run Trust (with Michael Delaney named as beneficiary for the remaining 70%), she has filed a disclaimer rejecting any interest in it.  Further, Michael Delaney's brother Matthew was listed as a 49% owner of Delancon Corporation, but

Matthew stated in a deposition that he had never received any form of stock or certificate indicating ownership of Delancon.

At some point (unspecified in the record but probably during 1999 or 2000), Michael Delaney pled guilty in criminal proceedings to defrauding the petitioners. Also during that time period, Michael Delaney filed for Chapter 7 bankruptcy. By the time he did so, the total liens on the property amounted to somewhere in the neighborhood of $1.4 million, while the property itself was only worth approximately $400,000.

In the course of the bankruptcy proceedings, the Moores sought delivery of the title to the property and acknowledgment that their $200,000 payment had priority over all other liens against the property. Their original complaint was filed on September 17, 2002. With the filing of that complaint, an automatic stay against the sale or transfer of the property was entered, which prohibited the estate from proceeding with a foreclosure sale. An amended complaint was submitted on June 19, 2003.

A pre-trial conference was held on December 2, 2003, following which the December 5, 2003, trial date was postponed. On December 29, 2003, the bankruptcy court entered judgment against the plaintiffs *sua sponte* and lifted the automatic stay, thereby allowing the foreclosure sale of the premises to proceed. Judge Kenner (1) denied the petitioners' request for an order permitting the premises to be conveyed to them free and clear of

all liens on the merits; (2) denied for lack of subject matter jurisdiction the petitioners' request for a declaration that their lien took priority over all other liens, save one; (3) denied as moot the petitioners' request for an order compelling conveyance of the premises to them upon their payment of the balance of the purchase price under the purchase and sale agreement; and (4) denied as moot the petitioners' request for a declaration under 11 U.S.C. § 365(j) that the plaintiffs had an equitable lien on the property in the amount of $200,000.  Based on these rulings, Judge Kenner determined that there was no longer any impediment to the estate's proposed foreclosure sale and lifted the automatic stay.

The petitioners allege that they were not provided notice prior to the bankruptcy court's entry of judgment on December 29, 2003.  They are correct that the bankruptcy court never issued written notice of its intent to enter judgment on that date.  Rather, at the pre-trial conference on December 2, 2003, a month before the entry of judgment, Judge Kenner made clear to the parties -- including the petitioners, who were represented by counsel -- that she intended to issue a ruling on the petitioners' claims and explicitly invited Gerrity[2] to file a motion for relief from the automatic stay.  Gerrity did so on December 10, 2003; its motion was granted on December 29, 2003.

---

[2] Gerrity also had a mortgage against the property and was thus a party to the original bankruptcy action.

The Court sent notice of the decision to the parties on December 30, 2003.

A foreclosure sale was held on February 13, 2004.[3] Gerrity placed advertisements in the local paper providing notice of the upcoming sale on January 15, January 22, and January 29, 2004. Gerrity submitted what was ultimately the winning bid at a foreclosure sale on February 13, 2004.[4] On March 22, 2004, a foreclosure deed was executed in favor of Gerrity. There is no allegation anywhere in the pleadings that Gerrity participated in the fraud against the petitioners or is in any way connected to, controlled by, or under the influence of Michael Delaney.

At no point after the ruling on December 29, 2003, and before the foreclosure sale on February 13, 2004, did the petitioners seek a stay to enjoin the sale or transfer of the premises. The petitioners did, however, file a Notice of Appeal with the bankruptcy court on January 7, 2004, and then with the clerk of this Court on February 23, 2004.

In their appeal, the Moores contend that Judge Kenner failed to provide sufficient notice of her intent to enter judgment *sua*

---

[3] The sale on February 13, 2004, was technically styled as a conveyance from Gerrity to itself. Gerrity had previously moved to lift the automatic stay, a motion granted by Judge Kenner on May 9, 2002. A foreclosure sale was then held, at which Gerrity was the highest bidder. After the sale, however, it was discovered that notice of the sale was defective. As a result, on June 16, 2002, Judge Kenner vacated her previous ruling that lifted the stay. This essentially vacated the deed, though Gerrity remained the record titleholder.

[4] A third party had submitted a higher bid but failed to pay the balance of the purchase price and defaulted, thereby allowing Gerrity to purchase the property.

*sponte* and argue that she erred in entering judgment against them. In a motion dated March 24, 2004, Gerrity moved to dismiss the appeal due to mootness. It submitted affidavits together with a copy of the foreclosure deed indicating that the property had been sold and transferred out of the possession of the bankruptcy estate. On September 28, 2004, Gerrity requested a hearing on its motion to dismiss.[5]

### III. ANALYSIS

A court may dismiss an action without reaching the merits of the case if the court determines that the case is moot. <u>Public Service Co. of New Hampshire v. Northeast Utilities Service Group</u>, 963 F.2d 469 (1st Cir. 1992). Gerrity argues that two doctrines of mootness apply in the present case. The first is that of "equitable mootness," which raises both equitable and pragmatic concerns. The second is mootness under 11 U.S.C. § 363(m) of the Bankruptcy Code. While it is surely a close question, neither doctrine warrants dismissal of the Moores' appeal.

    A.    **Equitable Mootness**

The equitable mootness doctrine is based upon "equitable" and "pragmatic" limitations that limit a court's ability to hear

---

[5] Gerrity has filed an eviction action in the Southeastern Division of the Massachusetts Housing Court because, though Gerrity is now the record titleholder, the petitioners have resided there since being granted physical possession by Michael Delaney. The Housing Court entered a stay in that action *sua sponte* on August 25, 2004, pending resolution of this bankruptcy appeal. An additional state court action filed by the petitioners against Michael Delaney is currently on appeal in the Appeals Court of Massachusetts.

bankruptcy appeals. Healthco Int'l, Inc. v. Hick, Muse & Co., Inc., 136 F.3d 45, 48 (1st Cir. 1998). The "equitable" limitations stem from a court's consideration of whether a party's unwarranted or repeated failure to request a stay allowed events to develop such that a court-imposed remedy becomes impracticable or impossible. Id. Standing alone, the failure to obtain a stay or to appeal the denial of such a motion is not sufficient for a finding of mootness. See Public Service, 963 F.2d at 473. To qualify, it must be coupled with a significant change in the disposition of the disputed property.[6] The "pragmatic" concern addresses the question of whether meaningful appellate relief is practicable in such a situation even if the appellant has sought such a stay with due diligence. Healthco, 136 F.3d at 48.

There are important public policy considerations underlying the equitable mootness doctrine, namely a public policy favoring the orderly reorganization and settlement of debtor estates by giving a substantial measure of finality to the judgments of the bankruptcy court. Public Service, 963 F.2d at 471-72. In Public Service Company of New Hampshire, the appellants appealed a district court's refusal to stay the execution of the bankruptcy court's order confirming the proposed restructuring plan for a company going through Chapter 11 bankruptcy proceedings. Id.

---

[6] See discussion of The Eastern Co. v. Whirlpool Corp., 148 B.R. 367, 370 (D. Mass. 1992), infra.

The bankruptcy court denied the motion to issue a stay, and no appeal of that denial was made. Id. at 472-73. As a result, the confirmed restructuring plan proceeded. Id. Several months into the process, the appeal was finally filed. Id. Recognizing not only their failure to appeal the denial of the stay but also the fact that the restructuring had proceeded to such a point as to make a judicial remedy impracticable, the First Circuit dismissed the appeal on mootness grounds. Id. at 473.

Similarly, a district court found an appeal to be moot after observing that "[c]ases . . . may be dismissed as moot where an appellant neglects diligently to pursue available remedies such as a stay, or where an appellant, through 'procedural ineptitude,' pursues legally ineffective courses of action, which result in a comprehensive change of circumstances of the parties involved in the case." The Eastern Co. v. Whirlpool Corp., 148 B.R. 367, 370 (D. Mass. 1992) (quoting Hamady Bros. Food Mkts. v. Creditors' Committee of Hamady Bros. Food Markets, Inc., 110 B.R. 815, 818 (E.D. Mich. 1990)). The court concluded that because the bankrupt estate has already reached an "advanced state of self-liquidation," the appeal was moot. Id.

In contrast, in Healthco the First Circuit found that the only portion of the bankruptcy settlement that had been disbursed was transferred to the Chapter 7 trustee and could therefore be recovered with relative ease. 136 F.3d 45, 49 (1st Cir. 1998).

Accordingly, the court held that the equitable mootness doctrine did not bar the appeal. Id. at 49.

The instant case is more akin to Healthco than it is to Public Service. Although no interlocutory appeal was filed and the foreclosure sale has been completed, relief could be afforded relatively easily in this case if it were warranted. Gerrity -- a party to the original bankruptcy action -- has not transferred the deed to the property since obtaining it at the foreclosure sale, and the Moores have remained in possession of the premises pending the outcome of this appeal. Accordingly, a finding of mootness is inappropriate.

**B.   Section 363(m) Mootness**

An appeal may also be rendered moot by the plain language of the bankruptcy code itself. Addressing the sale or lease of property owned by the debtor's estate, the statute provides:

> The reversal or modification on appeal of an authorization under [§ 363(b) or (c)] of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that has purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Under § 363(m), "[a]bsent a stay, the court must dismiss a pending appeal as moot because the court has no remedy that it can fashion even if it could have determined the issues differently." Whistler Corp. of Massachusetts v. Baldiga, 243 B.R. 573, 574 (D. Mass. 2000) (quoting In re Stadium Mgmt.

Corp., 895 F.2d 845, 847 (1st Cir. 1990)).  The remedy originally sought by the appellants in this case stems from relief granted under § 363(b).

It is unnecessary to delve into an involved analysis of whether Gerrity qualifies as a good faith purchaser pursuant to the statute, see, e.g. In re Cable One CATV, 169 B.R. 488, 492 (D.N.H. 1994), as Healthco is again dispositive.  In its § 363(m) analysis, the Healthco court declined to find the appeal moot because the purchaser "in no sense qualified as an outside bidder eligible for the extraordinary 'finality' guarantees afforded by section 363(m)."  136 F.3d at 49.  As a party to the original bankruptcy action, the same can be said of Gerrity.  Accordingly, a finding of mootness pursuant to § 363(m) is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, Gerrity's motion to dismiss the bankruptcy appeal as moot is hereby **DENIED**.  Gerrity is ordered to file a response to the Moores' appeal within thirty days of the entry of this Order.

**SO ORDERED.**

**Date:  November 22, 2004**         **/s/NANCY GERTNER, U.S.D.J.**