UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 04-10393-NG


In Re:

MICHAEL J. DELANEY
Debtor
_____

J. BRIAN MOORE and LAURA M. MOORE
Plaintiffs/Appellants

v.

DAVID B. MADOFF, TRUSTEE IN BANKRUPTCY
OF MICHAEL J. DELANEY,ET AL.
Defendants/Appellees


APPELLATE BRIEF OF GERRITY COMPANY, INCORPORATED


Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com


December 21, 2004

**TABLE OF CONTENTS**

I.    STATEMENT OF THE BASIS FOR APPELLATE JURISDICTION ........ 1

II.   STATEMENT OF ISSUES PRESENTED AND THE APPLICABLE
      STANDARD OF APPELLATE REVIEW ............................. 2

III.  ARGUMENT .................................................. 3

IV.   THE RELIEF FROM STAY ORDER ............................... 14

V.    CONCLUSION ............................................... 17

TABLE OF AUTHORITIES

CASES

In Re Aetna Bank v. Dvorak,
176 B.R. 160 (N.D.Ill.1994) ................................... 12

Aircraft Architectural Metals,
115 B.R. 423 (E.D.N.Y. 1989) .................................. 6

Attorney General v. The Dime Savings Bank,
413 Mass. 284, 596 N.E. 2d 1013 (1992) ....................... 18

Berkovitz v. HBO,
89 F.3d 24, 31 (1st Cir. 1996) ................................ 8

In Re Davis,
109 B.R. 633, 640 (Bankr.VT.1989) ............................ 13

In Re Fairway Missionary Baptist Church,
131 B.R. 407 (Bankr.W.D.Tenn.1991) ........................... 6

Gober v. Terra + Corp., (In Re Gober),
100 F.3d 1195, 1207 (5th Cir. 1996) ....................... 4, 5

Howe v. Vaughn (In Re Howe),
913 F.2d 1138, 1143 (5th Cir. 1990) ....................... 2, 5

Naylor v. Case & McGrath, Inc.,
585 F.2d 557, 563 (2nd Cir. 1978) ............................ 6

Rogan v. Menino,
175 F.3d 75, 78 (1999) ....................................... 7

Scherer v. Carroll,
150 B.R. 549 (Bankr.D.Vt.1993) ................................ 6

(In Re Smith),
Smith v. Daniel H. Ball and Guaranty Bank & Trust Company
71 B.R. 754 (Bankr.M.D.La.1987) ........................... 12, 13

In Re Southmark Storage Associates Ltd.,
132 B.R. 231, 233 (Bankr.D.Conn.1991) ........................ 6

In Re Summit Land,
13 B.R. 310 (Bankr.D.Utah 1981) .............................. 13

Wood v. Wood, (In Re Wood),
825 F.2d 90, 93 (5th Cir. 1987) .............................. 4


STATUTES

11 U.S.C. Section 363 ..................... 9, 11, 12, 13, 14, 15

11 U.S.C. Section 363(b) ................................ 10, 14

11 U.S.C. Section 363(b) and (f) ...................... 9, 10, 11

11 U.S.C. Section 363(f) ................. 10, 11, 14, 15, 16, 18

11 U.S.C. Section 363(h) ..................................... 16

11 U.S.C. Section 365 .................................... 11, 13

11 U.S.C. Section 365(i) .................. 9, 10, 11, 13, 14, 17

11 U.S.C. Section 365(i)(1) .................................. 15

11 U.S.C. Section 365(i)(2)(B) ............ 9, 12, 14, 15, 16, 17

11 U.S.C. Section 365(j) ...................................... 9

11 U.S.C. Section 523(a)(4) and (a)(6) ........................ 5

11 U.S.C. Section 1334(c)(1) .............................. 3, 4

28 U.S.C. Section 1334(c)(1) .................................. 4

28 U.S.C. Section 1334(c)(2) .................................. 7

Rule 2002 .................................................... 12

TREATISES

Collier on Bankruptcy,
15th Ed. Vol. 19, p.5011-11, ¶5011.02 ........................ 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                         )
In Re:                   )
MICHAEL J. DELANEY       )    CIVIL ACTION NO. 04-10393-NG
      Debtor             )
_____)
                         )
J. BRIAN MOORE and       )
LAURA M. MOORE           )
 Plaintiffs/Appellants)
                         )
v.                       )
                         )
DAVID B. MADOFF,         )
TRUSTEE IN BANKRUPTCY )
OF MICHAEL J. DELANEY )
ET AL.                   )
 Defendants/Appellees )
                         )
```

### APPELLATE BRIEF OF GERRITY COMPANY, INCORPORATED,

To the Honorable Nancy Gertner, United States District Judge:

Gerrity Company, Incorporated (hereinafter "Gerrity") submits the following brief in response to the brief of J. Brian and Laura M. Moore (hereinafter the "Moores").

Pursuant to the Order of this Court dated November 22, 2004, Gerrity has 30 days from that date or until December 22, 2004 to file this brief.

### I.   STATEMENT OF THE BASIS FOR APPELLATE JURISDICTION

Gerrity has no objection to the basis of appellate jurisdiction as indicated by the Moores in their brief.

## II.   STATEMENT OF ISSUES PRESENTED
## AND THE APPLICABLE STANDARD OF APPELLATE REVIEW

Gerrity has no addition to the Statement of Issues Presented portion of the brief or the applicable standard of review as articulated in the brief.

Gerrity disagrees that the applicable standard for this Court relative to this appeal is a de novo standard.  Abuse of discretion is the standard of review relative to abstention.  See Howe v. Vaughn (In Re Howe) 913 F.2d 1138, 1143 (5th Cir. 1990). The standard of review is clearly erroneous for findings of fact of the Bankruptcy Court.  The standard of review on conclusions of law is the de novo standard.

The Bankruptcy Court did not abuse its discretion in abstaining from hearing the lien priority issues.  The Bankruptcy Court's findings of fact relative to the lack of equity was not, and could not have been clearly erroneous since the Moores agreed that there was no equity in the Real Estate[1] (as that term is defined below).

---

[1] Moore's brief, p.12, lines 2 and 3; Moore's brief p.33, lines 16-18.

III.[2]  ARGUMENT

Gerrity agrees that the underlying adversary proceeding
sought to compel the Chapter 7 Trustee of Mr. Delaney,
(hereinafter the "Trustee") to deliver title to Lot 2-4 a/k/a 74
Wintergreen Farm Road, Pembroke, Massachusetts (hereinafter the
"Real Estate") to the Moores.

Gerrity disagrees that the Order of the Bankruptcy Court
dated December 29, 2003 (the "Order") was for all practical
purposes a summary judgment motion.

The balance of the items contained in the Statement of the
Case section of the brief is a recitation of the allegations in
the amended complaint, none of which were necessary findings of
the Bankruptcy Court in entering the Order.

The Moores cite the following language from the Bankruptcy
Court's Minutes/Order from a pre-trial conference dated December
10, 2003 (the December 10, 2003 Order):

> "The Court abstained from considering the lien priority
> issues in this adversary proceeding under Section 1334(c)(1).
> This Court lacks power to direct the Chapter 7 Trustee to
> conduct a sale free and clear of liens, since there is no
> equity in the property for the estate. The Court continued
> the trial scheduled for December 5, 2003 generally." Moores
> brief p.8.

The December 20, 2003 Order, which clearly established that
the Court had no power to compel the Chapter 7 Trustee to conduct

---

[2]  The brief of the Moores has two sections marked with Roman Numeral II.
Gerrity will mark this section of its brief with Roman Numeral III.

a sale of the Real Estate free and clear of liens, was not subject
to appeal and was a final order of the Bankruptcy Court as of
December 21, 2003. Any attempt by the Moores to utilize this
appeal to overturn the December 10, 2003 Order is ineffectual.
The ruling that there is no basis to order the Trustee to sell the
Real Estate free and clear became a final order on December 21,
2003.

The fact portion of the brief from page 9 to page 20 contain
allegations asserted by the Moores in the Amended Complaint which
were unnecessary to the conclusion of the Bankruptcy Court.

The Bankruptcy Court abstained pursuant to 28 U.S.C. Section
1334(c)(1). "Section 1334(c)(1) of title 28 provides for
consideration of permissive abstention *sua sponte*". Collier on
Bankruptcy, 15th Ed. Vol. 19, p.5011-11, ¶5011.02.

The Fifth Circuit in the case of Gober v. Terra + Corp., (In
Re Gober) 100 F.3d 1195, 1207 (5th Cir. 1996) discusses the
doctrine of permissive abstention in the context of non-
dischargeability litigation.

>"Under the permissive abstention doctrine, 28 U.S.C. Section
>1334(c)(1), Courts have broad discretion to abstain from
>hearing state law claims whenever appropriate in the interest
>of justice or in the interest of comity with state courts or
>respect for state law." Citing Wood v. Wood, (In Re Wood),
>825 F.2d 90, 93 (5th Cir. 1987), which notes that Section
>1334(c)(1) demonstrates the intent of Congress that concerns
>of comity and judicial convenience should be met, not by
>rigid limitations on the jurisdiction of federal courts, but
>by the discretionary exercise of abstention when appropriate
>in a particular case."

"The decision to abstain or not to abstain is committed to
the discretion of the district Court and we will affirm
unless the Court clearly abused its discretion." Citing Howe
v. Vaughn, (In Re Howe), 913 F.2d 1138, 1143 (5th Cir. 1990)
In Re Gober, supra, p.1207

In non-dischargeability litigation filed in Gober, a Motion
for summary judgment was filed by the Plaintiff asserting that
issue preclusion barred the Debtor from re-litigating the factual
and legal issues necessary for holding the judgment debt non-
dischargeable.  In response, the debtor filed a cross motion for
summary judgment asserting that collateral estoppel does not apply
to this judgment and that the Plaintiff cannot otherwise prove the
elements necessary for a finding of non-dischargeability of the
debt.

The Bankruptcy Court in the Gober case denied the defendant's
Motion for Summary Judgment and granted the plaintiff's Motion for
Summary Judgment.  The court held that the state court's finding
satisfied the elements of 11 U.S.C. 523(a)(4) and (a)(6) and that
issue preclusion barred re-litigation of those issues.  The
Bankruptcy Court explicitly abstained from considering the state
law claim for offsets and credits by the debtor.  The debtor
appealed this judgment to the district court, which affirmed the
bankruptcy court's judgment.  In Re Gober, supra p.1198.

It appears clear from the Gober case that the abstention
holding by the Bankruptcy Court was not subject to a separate
motion for abstention and therefore would have been granted sua
sponte, as was the abstention decision in this adversary
proceeding.

5

The case of <u>Scherer v. Carroll</u>, 150 B.R. 549

(Bankr.D.Vt.1993) addresses the issue of permissive abstention

being granted on a sua sponte basis.

> "I note at the outset that questions regarding abstention and
> remand may be addressed sua sponte by the Bankruptcy Court.
> <u>In Re Scherer v. Carroll</u>, supra p.552 citing <u>In Re Southmark</u>
> <u>Storage Associates Ltd.</u>, 132 B.R. 231, 233
> (Bankr.D.Conn.1991) and <u>Naylor v. Case & McGrath, Inc.</u>, 585
> F.2nd 557, 563, (2nd Cir. 1978)."

> "As is provided by statutory law, a Court may abstain purely
> in the interest of comity with state courts or out of respect
> for state law."   <u>Scherer v. Carroll</u>, supra p.552.

Since the issue involving the priority of the liens on the

Real Estate had been addressed by a judgment in Superior Court

which was on appeal in the Massachusetts Appeals Court[3], the

Bankruptcy Court did not abuse its discretion in abstaining from

consideration of the priority of the competing liens on the Real

Estate.

See also <u>In Re Fairway Missionary Baptist Church</u>, 131 B.R.

407 (Bankr.W.D.Tenn.1991) which indicated that the Court,

considering the totality of the particular facts, circumstances

and applicable law, nonetheless exercised permissible

discretionary abstention, sua sponte.   <u>In Re Fairway Missionary</u>

<u>Baptist Church</u>, supra p.409.

The case of <u>Aircraft Architectural Metals</u>, 115 B.R. 423

(E.D.N.Y. 1989) also involves a situation where the Bankruptcy

---

[3]  The Massachusetts Appeals Court recently upheld, by an order dated
November 29, 2004, the judgment of the Superior Court.  A copy of said
Order is Tab 1 in the Appendix filed herewith.

Court for the Eastern District of New York abstained from hearing complicated state court litigation on a sua sponte basis.    As noted in that decision, this was a case that would have been ripe for mandatory abstention under 28 U.S.C. Section 1334(c)(2) except that neither party to the litigation requested it.  However, as noted in the decision by the district court, absent such a request, the Bankruptcy Court considered the circumstances of the case and opted to recommend voluntary abstention to the District Court so that the dispute, which was based upon a state law cause of action and involved only questions of state law, could be adjudicated in the state court where pending.

Based upon the foregoing, it is clear that Judge Kenner did not abuse her discretion in, sua sponte, entering the order of abstention regarding the issue of the priority of the competing liens on the Real Estate, thereby allowing the state court litigation on that issue to continue.

As indicated above, Gerrity respectfully asserts that the Moores are incorrect when they argue that the Order was tantamount to summary judgment.  However, even if this Court should find that the hearings which gave rise to the Order amounted to summary judgment, it is clear that there never was equity in this Real Estate.  Therefore the second prong of the test articulated in Rogan v. Menino, 175 F.3d 75, 78 (1999) has been met because the Moores cannot legitimately argue they had no possible notice or inkling that the lack of equity of the Real Estate was an issue.

No testimony was required to allow the Bankruptcy Court to make the factual determination that there was no equity in the Real Estate. All parties, including the Moores, agreed to said conclusion. Therefore, for the Moores to argue that they should have been allowed the opportunity to bring forward evidence on the entire basis of the Court's decision, namely, the lack of equity, when that lack of equity was subject to their agreement[4], is mind-boggling. Therefore, even if this Court was to find that Judge Kenner's decision was tantamount to sua sponte summary judgment, the basis upon which this Order was granted (lack of equity in the Real Estate) does fall within the parameters of the case law which allows sua sponte entry of summary judgment.

The brief quotes the following language from the case of Berkovitz v. HBO, 89 F.3d 24, 31 (1st Cir. 1996).

> "Without advance notice of the basis of a looming dismissal, a targeted party lacks a meaningful opportunity to cull the best evidence supporting his position, and to present that evidence, together with developed legal argumentation, in opposition to the entry of summary judgment." Moores brief p.22 and 23.

Lack of equity in this Real Estate was never an issue. Therefore, time to provide evidence as to a proposition to which all parties agreed was unnecessary. Additional time would not have provided the Moores any evidence that there was equity in the Real Estate. It was on that factual underpinning that Judge Kenner based her decision that there was no way she could compel

---

[4] Moore's brief, p.12, lines 2 and 3; Moore's brief p.33, lines 16-18.

the Trustee to deliver the Real Estate free and clear of liens.
Therefore, the Court was well within its rights to render its
decision and resolve the adversary proceeding on December 10,
2003.

The Moores spend pages 23 through 35 of their brief
discussing how they were deprived of their rights under 11 U.S.C.
Section 365(i). They argue that this provision of the Bankruptcy
Court should be reviewed in a vacuum with no reference to 11
U.S.C. 363.

This position, however, is directly contrary to the relief
sought in their amended complaint which was filed early in the
adversary proceeding.

As indicated by the Bankruptcy Court in the Memorandum
decision of December 29, 2003, the following relief was sought in
the adversary proceeding:

   1) An order under Section 365(i)(2)(B) compelling the
Chapter 7 Trustee to deliver title to the property to the
Moores upon their payment of the balance of the purchase
price under their executory purchase and sale agreement; and
(emphasis added)

   2) An order under Section 363(b) and (f) permitting
such conveyance to be made free and clear of liens, with all
liens to attach to the proceeds; or, in the alternative

   3) If the transfer of the property is denied, a
declaration under Section 365(j) that the Plaintiffs have an
equitable lien on the property in the amount of $200,000.00
(the amount of their deposit); and

   4) A further declaration that such lien primes all
other liens on the property other than the statutory lien of
the Town of Pembroke.

Cleary, the relief requested by the Moores is not specifically sought under 11 U.S.C. 365(i) but also requires utilization of 11 U.S.C. 363(b) in conjunction with 11 U.S.C. 365(i).

11 U.S.C. Section 363(f) does provide a mechanism for a Trustee to sell property free and clear of liens. It is clear that the lack of equity in Real Estate prevented a sale under 11 U.S.C. Section 363(f) which is why the Trustee took no action thereon. The Bankruptcy Court correctly found that it could not compel the Trustee to conduct that sale.

The Bankruptcy Court found that the Moores were unwilling to complete the purchase unless it would give them title free and clear of liens.[5]

The Moores requested relief under 11 U.S.C. 363(b) and (f). The Bankruptcy Court had no basis to grant such relief. The Moores cannot now contend that the Bankruptcy Court deprived them of the Real Estate by failing to utilize 11 U.S.C. 365(i) only.

The Moores quote certain language from the Bankruptcy Court's June 17, 2002 order (the "June 7, 2002 Order")[6] which denied a prior Motion of Gerrity for Relief from Stay in order to retain the status quo to allow the Moores to file a complaint under 11 U.S.C. Section 365(i). However, a review of that decision, which is included in the record on appeal, indicates that the language

---

[5] Moore's Appendix - Tab 57, p.2, lines 10 and 11 of decision of Bankruptcy Court dated December 29, 2003.

[6] Moores brief p.27.

quoted in the brief is incomplete.  For example, the Bankruptcy
Court stated in the June 17, 2002 Order the following:

> "It is not yet clear whether the Moores have such rights as
> they now assert, but they have at least a colorable claim to
> such relief."  Page 2 of the June 17, 2002 Order

> "It is not clear whether or to what extent such title would
> be subject to existing liens – in which case the Moores would
> likely not want to sink further money into this property – or
> free and clear of such liens, with liens to attach to the
> proceeds and if so whether authority under Section 363(f)
> would be necessary and could be obtained."  Pages 4 and 5 of
> the June 17, 2002 Order.

The June 17, 2002 Order clearly indicates that the Bankruptcy
Court did not wish to decide, in the context of a Motion for
Relief from Stay, the effect of 11 U.S.C. 365(i) and 11 U.S.C.
363.  The Bankruptcy Court gave the Moores the opportunity to
establish their entitlement to the Real Estate under 11 U.S.C.
365(i) and 11 U.S.C. 363.  In the context of this adversary
proceeding, the Court decided this issue correctly and denied that
there was a basis to compel the Trustee to sell the Real Estate to
the Moores free and clear of liens.

The Moores argue that the Bankruptcy Court has eviscerated 11
U.S.C. 365(i) by its decision.  The Moores neglect to mention that
it was their request for an order under 11 U.S.C. 363(b) and (f)
in conjunction with 11 U.S.C. 365.

There is no provision in 11 U.S.C. 365(i) which requires or
enables the Trustee to deliver the Real Estate free and clear of
liens.  The statutory language only states that the Trustee is to
deliver title, not title free and clear of liens.  The Moores are

11

asking the Trustee to convey the Real Estate under what would clearly have to be an amendment to or a re-writing of the executory purchase and sale agreement. Said agreement did not require the seller to deliver title free and clear of liens but only allowed the Moores the option not to purchase the Real Estate if the sale of the Real Estate was not free and clear of liens.

"In interpreting any statute, the logical starting point is the plain language that the legislature used." In Re Aetna Bank v. Dvorak, 176 B.R. 160 (N.D.Ill.1994).

11 U.S.C. Section 365(i)(2)(b) does not say that the Trustee shall deliver title to such purchaser free and clear of liens. If Congress had wanted to grant the relief requested by the Moores, it certainly could have placed language in the statute indicating that payment of the purchase price would discharge all existing liens. There is no such language.

The Moores cite the case of (In Re Smith), Smith v. Daniel H. Ball and Guaranty Bank & Trust Company, 71 B.R. 754 (Bankr.M.D.La.1987). The Moores however neglect to mention the following language contained in the conclusion section of that decision:

"For reasons assigned, summary judgment is granted in favor of the defendant and against the debtors, and the debtors will be required to perform under the executory contract to sell real estate for the sum of $72,000.00, if the sale is noticed and authorized by the Bankruptcy Court. This opinion does not obviate the need for notice of the proposed sale under Rule 2002 and court authority to sell under Section 363 (emphasis added).

12

The Smith case presented a much simpler fact pattern than this case. The real estate in Smith was not over encumbered. However, the Smith language is instructive. It is clear that any bankruptcy sale must be accomplished under the provisions of 11 U.S.C. 363. The Bankruptcy Court in this case did not eviscerate 11 U.S.C. 365(i) but clearly understood the interplay between 11 U.S.C. 365(i) and 11 U.S.C. 363.

The case of In Re Summit Land, 13 B.R. 310 (Bankr.D.Utah 1981), cited in the Moores brief, discusses the legislative history of 11 U.S.C. 365(i). The Summit Land case involved the definition of "in possession" relative to purchasers of an interest in recreational park land. The Summit case did not involve the interplay of 11 U.S.C. 365 and 11 U.S.C. 363 and is not applicable.

The Moores quote the following language, citing the case of In Re Davis, 109 B.R. 633, 640 (Bankr.VT.1989):

"When the contract payments are completed, the purchaser is entitled to delivery of the title." Moores brief p.36.

The Davis case involved a situation where the bankruptcy trustee was seeking to avoid the effectiveness of a pre-petition transfer of real estate by the debtor which was not in accordance with Vermont law. The Davis case did not involve real estate which needed to be sold under 11 U.S.C. 363. Davis is inapplicable.

13

## IV.   THE RELIEF FROM STAY ORDER[7]

On December 29, 2003, the Bankruptcy Court also entered an order granting Gerrity relief from stay to foreclose upon the Real Estate (the "Relief from Stay Order").[8]   The Relief from Stay Order was not subject to appeal, is a final order of the Bankruptcy Court and resulted in Gerrity foreclosing on the Real Estate.

The following single spaced language on pages 14-17 below is quoted from the Relief from Stay Order.   This language clearly and correctly articulates the interplay between 11 U.S.C. 363 and 11 U.S.C. 365(i).

"Section 363(b) of the Bankruptcy Code permits a bankruptcy trustee to sell property of the estate.  A sale is, by definition, a conveyance of title.  But it is clear from the structure of §363 that authority to sell is not authority to sell free and clear of any interest in such property of an entity other than the estate. In subsection (f), section 363 makes clear that only certain sales may be "free and clear".  Therefore, I conclude that, where the Bankruptcy Code authorizes a sale or, as in Section 365(i)(2)(B), mandates a conveyance of estate property, it does not thereby automatically and implicitly permit such sale or conveyance to be free and clear of liens.  Further authority is required."

---

[7]   The Memorandum of Decision on Second Motion of Gerrity Company for Relief from the Automatic Stay dated December 29, 2003 is Tab 2 in the Appendix filed herewith.

[8]   At the time that the Bankruptcy Court entered the Relief from Stay Order, the Court was fully aware of the alleged executory contract between the seller and the Moores regarding the Real Estate.

"Does Section 363(f) supply that authority for a conveyance mandated by Section 365(i)(2)(B)?[9]  For three reasons, I conclude that it does not.  First, Section 363(f) expressly applies only to a "sale" of property under Section 363.  11 U.S.C. Section 363(f)("The trustee may sell property ..."  Emphasis added).  But a conveyance under Section 365(i)(2)(B) is not a sale; that section requires not a sale but *delivery of title*: "the trustee shall deliver title to such purchaser."  11 U.S.C. Section 365(i)(2)(B).  It does not require that the trustee "sell" the property; indeed Section 365(i)(2)(B) applies only where the trustee is deemed to have rejected an executory contract to sell the property.  See Section 365(i)(1)("If the Trustee rejects an executory contract of the debtor, for sale of the real property, ...").

Second, Section 363(f) expressly applies only to sales of property "under subsection (b) or (c) of this section."  11 U.S.C. Section 363(f).  Even if a conveyance under Section 365(i)(2)(B) were a sale, it would not be a sale under subsection (b) or (c) of Section 363.  Rather, it would be a sale under Section 365(i)(2)(B).  The impetus for this sale would not be liquidation of an asset for the benefit of the estate, but the need to honor, by specific performance, a pre-petition obligation to convey real estate.  As the Chapter 7 Trustee maintains and the Moores concede, this transaction would yield no equity or other benefit to the estate.  It is not in any sense a sale that the Chapter 7 Trustee, as representative of the estate, is (or would be) undertaking in furtherance of his duties to the estate.  Therefore, this conveyance is not one "under subsection (b) or (c) of [Section 363]," as expressly required by Section 363(f).

Third, Section 363(f) is expressly permissive, not mandatory: "The Trustee may sell ..."  11 U.S.C. Section 363(f).  Therefore, the decision as to whether to invoke Section 363(f) with respect to a particular sale is entrusted in the first instance to the discretion of the Chapter 7 trustee and subject to review only for abuse thereof.  Here, the Moores do not allege that the Trustee is abusing his discretion; nor can they: the Trustee's duty is to the estate, but the Moores concede that, even free and clear of liens, the conveyance they seek would yield no benefit to the estate.

For these reasons, I conclude that 363(f) does not apply to the conveyance that the Moores seek under Section 365(i)(2)(B). If a sale under Section 365(i)(2)(B) can be free and clear of liens, authorization to make it so must be found elsewhere in the Bankruptcy Code.

---

[9]  For purposes of deciding this Motion, I am assuming for purposes of argument that the Moores could establish at trial that the property at issue is an asset of the bankruptcy estate and that §365(i)(2)(B) requires that the Trustee convey title to that property to the Moores.

The Moores contend that the necessary authorization is
contained in Section 365(i)(2)(B) itself.[10]  Their argument is as
follows.  Section 365(i)(2)(B) states that "the trustee shall
deliver title to such purchaser in accordance with the provisions
of such contract."  The Moores point out that the use of "shall"
means that conveyance required by this section is mandatory, not
discretionary.  And they point out that the mandatory conveyance
must be "in accordance with the provisions of" the rejected
executory contract of the debtor for sale of real property.  The
Moores state that the contract in question requires that title to
the premises be delivered by quitclaim deed and that, in the
language of the contract, "said deed shall convey a good and clear
record and marketable title, free from encumbrances" (save for
five exceptions of no consequence here).[11]  Where the contract
itself requires that title be free and clear of liens, the Moores
argue, Section 365(i)(2)(B) likewise requires and authorizes a
conveyance free and clear of liens.

The Court rejects this argument.  Section 365(i)(2)(B)
obligates a trustee in bankruptcy to deliver title.  By this it
means such title as the estate has.  It does not obligate or
permit a trustee to eliminate other interests from the property.
Where the Bankruptcy Code empowers a trustee to do this, it does
so by express authorization, as in Section 363(f) and (h).
Section 365(i)(2)(B) contains nothing of this sort, no comparable
language.  When Section 365(i)(2)(B) states that the trustee shall
deliver title "in accordance with the provisions of" the rejected
executory contract, it does not thereby give the trustee a power
other than to transfer such title as the estate has.  Under the
interpretation proposed by the Moores, a trustee would be
authorized to grant better title than the estate has.  For
example, if a purchase and sale agreement obligated a debtor to
transfer clear title, but the debtor (and therefore the estate)
did not have clear title – perhaps had no title, or only a life
estate instead of a fee simple, or a fee simple but subject to an
easement not permitted by the agreement – Section 365(i)(2)(B)
would obligate the trustee to override the title defect and grant
clean title: to create title where no title existed, and thereby
to override the interest of another.  Section 365(i)(2)(B) was
intended only preserve a purchaser's right to specific performance
on an executory contract for sale of real estate; it surely was
not intended as a power to cure title defects and for giving

---

[10]  The Moores cite no other authorization in the Bankruptcy Code and I
know of none.

[11]  For purposes of this Motion, I will assume that the contract provides
as the Moores say it does.

purchasers remedies they would not have had their sellers not filed bankruptcy.[12]

When Section 365(i)(2)(B) states that "the trustee shall deliver title to such purchaser *in accordance with the provisions of such contract*" the italicized phrase does not expand the powers granted.  The trustee's only power is to deliver such title as the estate has.  To be sure, he must deliver it in accordance with the provisions of the contract, but this merely specifies how a limited power is to be used; it does not give the trustee authority to override or convey interests in property of entities other than the estate.  In fact, Section 365(i)(2)(B) itself expressly limits the trustee's obligations thereunder to the obligation to deliver title, stating that the trustee "is relieved of all other obligations to perform under such contract".  11 U.S.C. Section 365(i)(2)(B).

I therefore conclude that the Bankruptcy Code does not authorize a trustee delivering title under Section 365(i)(2)(B) to deliver such title free and clear of liens.  This in turn renders moot the Moores' request for an order compelling the Trustee to deliver title under Section 365(i)(2)(B): if such title is not free and clear of liens, the Moores are understandably not interested in paying the balance of the purchase price to acquire it.  Consequently, there will be no delivery of title under Section 365(i)(2)(B), and there is no bankruptcy reason to further stay Gerrity's foreclosure efforts.  A separate order will enter allowing Gerrity to exercise its rights as to the property, whatever they may be.

## V.   CONCLUSION

In the Amended Complaint, the Moores sought a declaration that they were entitled to the benefits of 11 U.S.C. 365(i) and (emphasis added) an order selling the Real Estate to them free and clear of liens.  The Bankruptcy Court correctly ruled that it was unable to enter an order free and clear of liens because there was

---

[12]  No bankruptcy purpose would be served by such a power to override competing interests in the property; it would provide no relief to debtors and no recovery to the estate.

17

no statutory basis therefor. In this appeal, the Moores are
eliminating the 11 U.S.C. 363(f) argument.

The Moores, at most, are mere occupants of the Real Estate.
They are analogous to the occupants in Attorney General v. The
Dime Savings Bank, 413 Mass. 284, 596 N.E. 2d 1013 (1992), who
while formerly owners of the property in which they resided, saw
their status reduced to that of tenants at sufferance upon the
foreclosure and sale of the recorded mortgage securing their
property. There is simply no set of circumstances under which the
Moores hope to have greater rights than the rights of the parties
in the Dime Savings Bank case.

The decision of the Bankruptcy Court should be affirmed and
Gerrity awarded its costs and expenses including reasonable
attorney fees in defending this appeal.

                                    Respectfully submitted
                                    Gerrity Company Incorporated
                                    By its Counsel,

Dated: ₁₂ ₁₂ ₀₄

                                    Gary W. Cruickshank, Esq.
                                    21 Custom House Street
                                    Suite 920
                                    Boston MA 02110
                                    (617) 330-1960
                                    (BBO107600)
                                    gwc@cruickshank-law.com

18

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Brief has been served, via regular United States mail, postage prepaid, upon James F. Creed, Jr., Esq., Creed & Formica, Counsel to the Appellants, 1329 Highland Avenue, Needham Massachusetts 02492.

Dated: 12/24/04

Gary W. Cruickshank, Esq.