UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
In re                              \*
                                   \*    Chapter 7
MICHAEL J. DELANEY,                \*    Case No. 02-12083-CJK
                                   \*
                Debtor             \*         Dec. 29, 2003
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM OF DECISION ON
SECOND MOTION OF GERRITY COMPANY
FOR RELIEF FROM THE AUTOMATIC STAY

Gerrity Company, as holder of a mortgage on the real property at Lot 2-4 Mattakeesett Street, a/k/a Lot 2-4 Wintergreen Farm Road, Pembroke, Massachusetts ("the property"), seeks relief from the automatic stay to foreclose its mortgage and, if it is the successful purchaser, to recover possession of the property. Title to the property is in the name of the Quail Run Realty Trust; and Debtor Michael J. Delaney, as trustee of the Trust, entered into a prepetition contract with Brian and Laura Moore to build a house on the property and to transfer the property to them. Before he filed his bankruptcy petition, Delaney allowed the Moores to take possession of the property, and they have been in possession since before the bankruptcy filing, but he never conveyed title to them. The Moores opposed Gerrity's motion for relief, arguing that the property in fact belongs to the bankruptcy estate and that they are entitled, under 11 U.S.C. § 365(i)(2)(B),[1] to an order compelling the Chapter 7 Trustee to deliver title to the property to

---

[1] Section 365(i) states:

> (i)(1) If the trustee rejects an executory contract of the debtor for the sale of real property or for the sale of a timeshare interest under a timeshare plan, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property or timeshare interest.

them upon their payment of the balance of the purchase price under their contract for purchase of the property.[2] Moreover, they contend that § 365(i)(2)(B) entitles them to conveyance of title *free and clear of existing liens*; because existing liens grossly exceed the $110,000 balance of the purchase price, the Moores would not want to take title that was not free and clear of liens.[3] Because the Court finds no authority in § 365(i)(2)(B) or in § 363(f) for the proposition that a conveyance under § 365(i)(2)(B) may be free and clear of existing liens, and because the Moores are unwilling to pay the balance of the purchase price except for title free and clear, the Court finds no bankruptcy-related cause to delay Gerrity's foreclosure efforts further and therefore will grant it relief from the automatic stay to exercise its rights as to the property.

---

(2) If such purchaser remains in possession--

> (A) such purchaser shall continue to make all payments due under such contract, but may, offset against such payments any damages occurring after the date of the rejection of such contract caused by the nonperformance of any obligation of the debtor after such date, but such purchaser does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset; and
>
> (B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but is relieved of all other obligations to perform under such contract.

[2] Without explanation, the Moores have since withdrawn their opposition to the motion. Because the issues they raised in their opposition are the same issues they raised in a pending adversary proceeding concerning the Moores' and Gerrity's competing claims to this property—in which adversary proceeding the Moores have *not* withdrawn their demands for relief—the Court will address the withdrawn objection on its merits.

[3] Lien holders would retain their liens and foreclosure rights. Payment of the balance of the purchase price would amount to throwing good money after bad.

## Facts and Procedural History

The facts and procedural history of this dispute are as follows. In 1997, the Moores entered into an agreement with Debtor Michael J. Delaney, as trustee of the Quail Run Realty Trust, under which the Trust was to build a home on the property and convey the improved property to the Moores for a total price of $311,000. Upon entering into the agreement, the Moores paid $200,000 of the purchase price and, in exchange, the Debtor, as trustee, gave them a mortgage on the property to secure their advance. The Moores, however, neglected to record their mortgage.[4] Shortly thereafter, the Debtor, as trustee, obtained a loan from Gerrity in the original principal amount of $251,000 to finance construction for the Moores, and he secured the loan by giving Gerrity a mortgage on the property, the mortgage that Gerrity now seeks leave to foreclose upon.[5] In February 1999, when the Moores finally recorded their mortgage, Gerrity's mortgage and several further mortgages and liens had already accrued on the property. The Debtor did construct a home on the property and, in 1998, gave possession to the Moores, who have been in possession ever since. However, although the Moores have been ready and willing to pay the balance since 1998 (when construction was completed), the trust never conveyed title.

The Moores brought suit against Gerrity and the other lien holders in Massachusetts

---

[4] It is not clear whether they relied on the Debtor to record it.

[5] In a Massachusetts Superior Court action brought by the Moores against Gerrity and others, the court found (1) that Delaney had told the Moores that he would take care of recording the mortgage for them; (2) that Delaney failed to record the mortgage; (3) that when Delaney approached Gerrity for construction financing, he presented Gerrity with a copy of his agreement with the Moores that Delaney had himself had fraudulently altered, such that the amount of their payment was reduced from $200,000 to $30,000, and the purchase price was increased from $311,000 to $359,000; and (4) that when Gerrity made its loan to the trust and received its mortgage, it had actual notice of a mortgage to the Moores to the extent of only $30,000. Delaney was convicted of criminal offenses, including forgery, uttering, and larceny, relating to the Gerrity loan and other transactions.

Superior Court to establish that their mortgage has priority over the Gerrity mortgage and other encumbrances to the full extent of their advance. After trial, the Superior Court determined that, when Gerrity received its mortgage, Gerrity had actual knowledge of the Moores' mortgage, but only to the extent of $30,000, and therefore that the Moores' mortgage should be deemed prior to Gerrity's only to the extent of $30,000. The parties report that this ruling is now on appeal.

On the basis of the Superior Court ruling, proceeds from liquidation of the property would be distributed first to the Town of Pembroke, in satisfaction of its lien for real estate taxes (the amount is not in evidence), then to the Moores to the extent of $30,000, then to Gerrity to the extent of its debt, then to six intervening lien holders, then to the Moores on their mortgage to the extent of $170,000. In its present motion for relief, Gerrity claims that the fair market value of the property is $515,000 and that the debt secured by its mortgage, including interest, attorneys' fees, and late costs, now exceeds $620,471.25. The Moores neither admit nor deny these allegations, but no one disputes that the value of the property is insufficient to fund a distribution to the Moores in excess of their $30,000 priority position.

Michael J. Delaney filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 22, 2002, thereby commencing this bankruptcy case. Gerrity filed its first motion for relief from the automatic stay to foreclose its mortgage on the property. The Chapter 7 Trustee having assented to the motion,[6] the Court initially allowed the motion, but the Moores then sought reconsideration, arguing (1) that they had been given no notice of the motion and (2) that the property was an asset of the estate, that they were entitled to conveyance of the property under 11 U.S.C. § 365(i) upon tender to the Chapter 7 Trustee of the balance of the purchase

---

[6] The Chapter 7 Trustee later filed a report that there is no property available for distribution in the case.

4

price, and that they were prepared to tender the balance in exchange for title to the property. For lack of notice to the Moores, whom Gerrity well knew had interests in the property, the Court vacated the order of allowance and granted reconsideration. Upon reconsideration, the Court found that the Moores had at least a colorable claim under § 365(i) and therefore denied the motion for relief in order to permit the Moores to bring an adversary proceeding to determine its rights under that subsection.

To that end, the Moores commenced adversary proceeding No. 02-1341. Their amended complaint in that proceeding seeks the following relief:

1. an order under § 365(i)(2)(B) compelling the Chapter 7 Trustee to deliver title to the property to the Moores upon their payment of the balance of the purchase price under their executory purchase and sale agreement; and

2. an order under § 363(b) and (f) permitting such conveyance to be made free and clear of liens, with all liens to attach to the proceeds; or, in the alternative,

3. if transfer of the property is denied, a declaration under § 365(j)[7] that the Plaintiff's have an equitable lien on the property in the amount of $200,000 (the amount of their deposit) and

4. a further declaration that such lien primes all other liens on the property other than the statutory lien of the town of Pembroke.

At a pretrial conference held two days before the scheduled trial, the Court inquired especially into the legal basis for the Moores' second request: for an order declaring that the requested conveyance under § 365(i)(2)(B) be a conveyance free and clear of liens, with liens to attach to

---

[7] Section 365(j) states:

> A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

5

the proceeds. The Court heard the parties' positions and arguments on the issue and determined that (1) a conveyance under § 365(i)(2)(B) cannot be free and clear of liens and (2) because the Moores are unwilling to complete the purchase unless it would give them title free and clear of liens, this renders moot the Moore's first request (for an order under § 365(i)(2)(B) compelling the Chapter 7 Trustee to deliver title to the Moores upon their payment of the balance of the purchase price). Accordingly, the Court concluded that a conveyance under § 365(i)(2)(B) was not a viable alternative to Gerrity's intended foreclosure sale, and therefore the Court cancelled the trial as unnecessary and invited Gerrity to file a motion for relief from stay.

Gerrity then filed the present motion. Only the Moores have objected to it; the Chapter 7 Trustee has not responded.[8] The Moores' objection is based on their reading of § 365(i)(2)(B), which, they point out, states that "the trustee shall deliver title to such purchaser *in accordance with the provisions of such contract*," and the contract in question requires title free of liens.

## Discussion

Section 363(b) of the Bankruptcy Code permits a bankruptcy trustee to sell property of the estate. A sale is, by definition, a conveyance of title. But it is clear from the structure of § 363 that authority to sell is not authority to sell free and clear of any interest in such property of an entity other than the estate. In subsection (f), section 363 makes clear that only certain sales may be "free and clear." Therefore, I conclude that, where the Bankruptcy Code authorizes a sale or, as in § 365(i)(2)(B), mandates a conveyance of estate property, it does not thereby automatically and implicitly permit such sale or conveyance to be free and clear of liens. Further

---

[8] At the pretrial conference, the Chapter 7 Trustee clarified that, even if the property is an asset of the estate, the estate has no interest in liquidating the property because liquidation would yield no equity for the estate.

6

authority is required.

Does § 363(f) supply that authority for a conveyance mandated by § 365(i)(2)(B)?[9] For three reasons, I conclude that it does not. First, § 363(f) expressly applies only to a "sale" of property under § 363." 11 U.S.C. § 363(f) ("The trustee may *sell* property . . . ." Emphasis added.). But a conveyance under § 365(i)(2)(B) is not a sale; that section requires not a sale but *delivery of title*: "the trustee shall deliver title to such purchaser." 11 U.S.C. § 365(i)(2)(B). It does not require that the trustee "sell" the property; indeed § 365(i)(2)(B) applies only where the trustee is deemed to have rejected an executory contract to sell the property. See § 365(i)(1) ("If the Trustee rejects an executory contract of the debtor, for sale of the real property, . . . .").

Second, § 363(f) expressly applies only to sales of property "under subsection (b) or (c) of this section." 11 U.S.C. § 363(f). Even if a conveyance under § 365(i)(2)(B) were a sale, it would not be a sale under subsection (b) or (c) of § 363. Rather, it would be a sale under § 365(i)(2)(B). The impetus for this sale would not be liquidation of an asset for the benefit of the estate, but the need to honor, by specific performance, a prepetition obligation to convey real estate. As the Chapter 7 Trustee maintains and the Moores concede, this transaction would yield no equity or other benefit to the estate. It is not in any sense a sale that the Chapter 7 Trustee, as representative of the estate, is (or would be) undertaking in furtherance of his duties to the estate. Therefore, this conveyance is not one "under subsection (b) or (c) of [§ 363]," as expressly required by § 363(f).

Third, § 363(f) is expressly permissive, not mandatory: "The trustee *may* sell . . . ." 11 U.S.C. § 363(f). Therefore, the decision as to whether to invoke § 363(f) with respect to a

---

[9] For purposes of deciding this motion, I am assuming for purposes of argument that the Moores could establish at trial that the property at issue is an asset of the bankruptcy estate and that § 365(i)(2)(B) requires that the Trustee convey title to that property to the Moores.

particular sale is entrusted in the first instance to the discretion of the Chapter 7 trustee and subject to review only for abuse thereof. Here, the Moores do not allege that the Trustee is abusing his discretion; nor can they: the Trustee's duty is to the estate, but the Moores concede that, even free and clear of liens, the conveyance they seek would yield no benefit to the estate.

For these reasons, I conclude that 363(f) does not apply to the conveyance that the Moores seeks under § 365(i)(2)(B). If a sale under § 365(i)(2)(B) can be free and clear of liens, authorization to make it so must be found elsewhere in the Bankruptcy Code.

The Moores contend that the necessary authorization is contained in § 365(i)(2)(B) itself.[10] Their argument is as follows. Section 365(i)(2)(B) states that "the trustee shall deliver title to such purchaser in accordance with the provisions of such contract." The Moores point out that the use of "shall" means that conveyance required by this section is mandatory, not discretionary. And they point out that the mandatory conveyance must be "in accordance with the provisions of" the rejected executory contract of the debtor for sale of real property. The Moores state that the contract in question requires that title to the premises be delivered by quitclaim deed and that, in the language of the contract, "said deed shall convey a good and clear record and marketable title, free from encumbrances" (save for five exceptions of no consequence here).[11] Where the contract itself requires that title be free and clear of liens, the Moores argue, § 365(i)(2)(B) likewise requires and authorizes a conveyance free and clear of liens.

The Court rejects this argument. Section 365(i)(2)(B) obligates a trustee in bankruptcy to

---

[10] The Moores cite no other authorization in the Bankruptcy Code, and I know of none.

[11] For purposes of this motion, I will assume that the contract provides as the Moores say it does.

8

deliver title. By this it means such title as the estate has. It does not obligate or permit a trustee to eliminate other interests from the property. Where the Bankruptcy Code empowers a trustee to do this, it does so by express authorization, as in § 363(f) and (h). Section 365(i)(2)(B) contains nothing of this sort, no comparable language. When § 365(i)(2)(B) states that the trustee shall deliver title "in accordance with the provisions of" the rejected executory contract, it does not thereby give the trustee a power other than to transfer such title as the estate has. Under the interpretation proposed by the Moores, a trustee would be authorized to grant better title than the estate has. For example, if a purchase and sale agreement obligated a debtor to transfer clear title, but the debtor (and therefore the estate) did not have clear title—perhaps had no title, or only a life estate instead of a fee simple, or a fee simple but subject to an easement not permitted by the agreement—§ 365(i)(2)(B) would obligate the trustee to override the title defect and grant clean title: to create title where no title existed, and thereby to override the interest of another. Section 365(i)(2)(B) was intended only preserve a purchaser's right to specific performance on an executory contract for sale of real estate; it surely was not intended as a power to cure title defects and for giving purchasers remedies they would not have had their sellers not filed bankruptcy.[12]

When § 365(i)(2)(B) states that "the trustee shall deliver title to such purchaser *in accordance with the provisions of such contract*," the italicized phrase does not expand the powers granted. The trustee's only power is to deliver such title as the estate has. To be sure, he must deliver it in accordance with the provisions of the contract, but this merely specifies how a limited power is to be used; it does not give the trustee authority to override or convey interests

---

[12] No bankruptcy purpose would be served by such a power to override competing interests in the property; it would provide no relief to debtors and no recovery to estate.

in property of entities other than the estate. In fact, § 365(i)(2)(B) itself expressly limits the trustee's obligations thereunder to the obligation to deliver title, stating that the trustee "is relieved of all other obligations to perform under such contract." 11 U.S.C. § 365(i)(2)(B).

I therefore conclude that the Bankruptcy Code does not authorize a trustee delivering title under § 365(i)(2)(B) to deliver such title free and clear of liens. This in turn renders moot the Moores' request for an order compelling the Trustee to deliver title under § 365(i)(2)(B): if such title is not free and clear of liens, the Moores are understandably not interested in paying the balance of the purchase price to acquire it. Consequently, there will be no delivery of title under § 365(i)(2)(B), and there is no bankruptcy reason to further stay Gerrity's foreclosure efforts. A separate order will enter allowing Gerrity to exercise its rights as to the property, whatever they may be.[13]

Date: Dec. 29, 2003

Carol J. Kenner
United States Bankruptcy Judge

cc: Gary Cruickshank, Esq., for Gerrity Company
James F. Creed, Jr., for Brian and Laura Moore
Richard Hackel, Esq., for Brian and Laura Moore
David Madoff, Esq., Chapter 7 Trustee
All Defendants in Adversary Proceeding 02-1241

---

[13] I express no opinion as to the merits of the pending appeal from the Superior Court ruling as to the relative priority of the Moore and Gerrity mortgages.