UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:<br>MICHAEL J. DELANEY<br>    Debtor<br>_____<br><br>J. BRIAN MOORE and<br>LAURA M. MOORE<br> Plaintiffs/Appellants<br><br>v.<br><br>DAVID B. MADOFF,<br>TRUSTEE IN BANKRUPTCY<br>OF MICHAEL J. DELANEY<br>ET AL.<br> Defendants/Appellees | CIVIL ACTION NO. 04-10393-NG |

RESPONSE OF APPELLEE, GERRITY COMPANY INCORPORATED
TO APPELLANTS MOTION FOR REHEARING
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8015

To the Honorable Nancy Gertner, United States District Judge:

    Gerrity Company Incorporated (hereinafter "Gerrity") one of the Appellees in the above captioned appeal submits the following Response to the Appellants Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8015 (hereinafter the "Motion").

    The Motion was filed on May 2, 2005 and pursuant to Bankruptcy Rule 8011(a), a response is due within 7 days thereof or by May 9, 2005.

ARGUMENT

A.  SUMMARY JUDGMENT

"After a district court or bankruptcy appellate panel has decided an appeal, a disappointed party may file a motion for rehearing. A party will request a rehearing if it believes that the appellate tribunal has overlooked or misapprehended some point of law or fact." Collier on Bankruptcy, Vol. 10, 15th Ed., Rev., p.8015-1.

This Court entered its Memorandum and Order relative to this appeal on April 21, 2005 (hereinafter the "Memorandum"). Pages 7-10 of the Memorandum discusses whether the Bankruptcy Court improperly entered summary judgment sua sponte. This Court justifiably found that the Moores had ample notice of the intention of the Bankruptcy Court to enter summary judgment and the grounds upon which the Bankrutpcy Court intended to rely, based upon inter alia the memorandum of law submitted by the Moores on November 20, 2003 relative to 11 U.S.C. 365(i) issues.

A review of the transcript of the hearing in the Bankruptcy Court on December 2, 2003, which is Record on Appeal Number 58 indicates the following.

> Mr. Creed: (Counsel to the Moores) "Your Honor, what we request, we -- we're not in favor of abstention and oral motions for relief from stay. We would prefer since .. in essence, what we're doing is summary judgment and I think the Court stated it earlier, it's like a summary judgment. We'd prefer, and we can submit this by oral motion today with memos and submit the entire thing on paperwork within 10 days, pursuant to the rule, <u>Court decided on summary judgment</u> (emphasis added) one way or the other." (Transcript p.30, lines 1-7)

Later in the transcript, the Bankruptcy Court stated the following:

> "I think it's -- if any party wants to file a motion for summary judgment, they are welcome to." Transcript p.31, lines 8-10.

This Court correctly found that the sua sponte grant of summary judgment was not entered in error. Therefore, the request for rehearing on this issue is not warranted. This Court has not overlooked or misapprehended some point of law or fact. This court correctly decided said issue based upon, inter alia, the Moores acknowledgement that this was a summary judgment type hearing and the Bankruptcy Court gave the Moores the opportunity to file a written opposition thereto.

It is clear that there was never any equity in the real estate involved this case. Therefore, the second prong of the test articulated in Rogan v. Menino, 175 F.3d, 75, 78 (1999) has been met because the Moores cannot legitimately argue that they had no possible notice or an inkling that the lack of equity of the real estate was an issue.

No testimony was required to allow the Bankruptcy Court to make the factual determination that there was no equity in the real estate. All parties including the Moores agreed to that conclusion. Therefore for the Moores to argue in both the Appellate Brief and this Motion that they should have been allowed the opportunity to bring forward evidence on the entire basis of the Court's decision, namely, the lack of equity, when the lack of equity was subject to their agreement, was

mind boggling when the appeal was pending and remains equally as mind boggling.[1]

## 11 U.S.C. 365(i)

The second part of the Motion is a repeat of the arguments made by the Moores in their appellate brief, in oral argument before this Court and various pleadings filed with the Bankruptcy Court. This Court, in its decision, made the correct legal analysis of the effect of 11 U.S.C. 365(i) in this situation and decided appropriately.

The Moores continue to ignore the fact that their request in the original pleadings filed in the Bankruptcy Court was for relief under 365(i) and 11 U.S.C. 363(f), namely a sale free and clear of liens. The Moores then confined their arguments to 11 U.S.C. 365(i) on appeal and argue in the Motion that the analysis of this Court "rendered an assertable right in search of an unattainable remedy".

The Moores make the statement that the Court ignored the edict and purpose of the statute, 11 U.S.C. 365(i), which the Moores assert is clear, unambiguous and unequivocal. The Moores have not articulated any new arguments nor indicated why specifically the Court "overlooked or misapprehended some point of fact or law". Rather, the Moores are repeating the same arguments which were articulated to both the Bankruptcy Court and previously in this Court.

---

[1] Moores Brief p.12, lines 2 and 3, Moores Brief p.33, lines 16-18.

This Court rendered a thoughtful, well reasoned decision on these issues and affirmed the judgment of the Bankruptcy Court. The Motion should be denied.

## CONCLUSION

The Motion for rehearing should be denied and the Appellee should be awarded its costs including reasonable attorney's fees in defending this Motion.

Dated: 5/6/05

Respectfully submitted
Gerrity Company Incorporated
By its Counsel,

_____
Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Response has been served, via regular United States mail, postage prepaid, upon James F. Creed, Jr., Esq., Creed & Formica, Counsel to the Appellants, 1329 Highland Avenue, Needham Massachusetts 02492.

Dated: 5/6/05

_____
Gary W. Cruickshank, Esq.