UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:   MICHAEL J. DELANEY,<br>       Debtor. | )<br>)<br>) |
| | CIVIL ACTION NO. 04-10393 NG |
| J. BRIAN MOORE and<br>LAURA M MOORE,<br>       Plaintiffs/Appellants,<br><br>v.<br><br>DAVID B. MADOFF, TRUSTEE<br>IN BANKRUPTCY OF<br>MICHAEL J. DELANEY, ET AL.,<br>       Defendants/Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SUPPLEMENTAL BRIEF OF
J. BRIAN MOORE AND LAURA M. MOORE
ON MOTION FOR REHEARING

To the Honorable Nancy Gertner, United States District Judge:

J. Brian Moore and Laura M. Moore (hereinafter, "Moores") submit the following Supplemental Brief in support of their Motion for Rehearing.

Since the time that the Moores filed their Motion for Rehearing and supporting brief, the Appeals Court for the Commonwealth of Massachusetts has decided another action with direct implications on the Moores' claims before this Court, *Queeno v. Colonial Co-operative Bank*, Appeals Court No. 04-P-179. A copy of that decision is attached hereto as Exhibit "A", and is filed contemporaneously herewith.

The issue decided by the Appeals Court, in <u>Queeno</u> directly impacts the claims made by the Moores in this action, and determines that a mortgagee with actual knowledge or notice of a

prior unrecorded Purchase and Sale Agreement takes subject to that agreement, and is under an equitable obligation to convey the real estate to the purchaser thereunder. Thus, the request of the Moores that title to the "Premises" (as defined in the brief of the Moore) be vested in the Moores in accordance with §365(i) pursuant to the terms of their contract is supported by Massachusetts Law, and can be applied in conjunction therewith.

        Respectfully submitted,
        J. Brian Moore and Laura M. Moore,
        By their attorney,

        _____
        James F. Creed, Jr.
        BBO #552138
        CREED & FORMICA
        1329 Highland Avenue
        Needham, MA  02492
        (781) 449-4600

Dated: 5/17/05

2005 WL 1022036
63 Mass.App.Ct. 392, --- N.E.2d ----
(Publication page references are not available for this document.)

**Briefs and Other Related Documents**

Appeals Court of Massachusetts,
Worcester.
Cameron QUEENO & another [FN1]
v.
COLONIAL CO-OPERATIVE BANK & others.
[FN2]
No. 04-P-179.

Argued Dec. 8, 2004.
Decided May 4, 2005.

**Background:** Purchasers of land sought declaration that unrecorded purchase and sale agreement they signed with developer had priority over bank's recorded mortgage on developer's construction loan. The Superior Court Department, Worcester County, Francis R. Fecteau and Peter W. Agnes, Jr., JJ., entered summary judgment for the bank. Purchasers appealed.

**Holding:** The Appeals Court, Smith, J., held that purchase and sale agreement had priority over the mortgage.
Reversed and remanded.

[1] Mortgages 159

266k159

[1] Mortgages 163(1)
266k163(1)
Unrecorded purchase and sale agreement for land between purchasers and developer had priority over bank's recorded mortgage on the property for developer's construction loan; bank had actual knowledge of purchase and sale agreement before it issued loan, bank failed to request that purchasers subordinate the agreement to the bank's mortgage, and purchase and sale agreement gave purchasers equitable rights in the property.

[2] Vendor and Purchaser 228(2)
400k228(2)
One who buys land, knowing that the grantor has agreed to sell it to another, takes it in equity subject to such agreement.

[3] Vendor and Purchaser 54
400k54
When a purchase and sale agreement has been executed, the vendor holds the legal title to the property subject to an equitable obligation to convey it to the purchaser on payment of the purchase money.
Steven M. LaFortune, Andover, for the plaintiffs.

Blake J. Godbout, Boston, for Colonial Co-Operative Bank.

Present: LENK, SMITH, & KAFKER, JJ.

SMITH, J.

In this appeal, we must decide whether an unrecorded purchase and sale agreement (agreement) has priority over a recorded bank mortgage where the bank had actual notice of the agreement before it issued the mortgage. A Superior Court judge granted summary judgment to the bank. The plaintiffs, Cameron and Melinda Queeno, have appealed, claiming that as a result of the bank having actual notice of the agreement prior to its issuance of the mortgage, the agreement had priority in the chain of title to the property that is the subject of both the mortgage and the agreement.

*Background.* We summarize the facts from the materials before the motion judge. On June 6, 1997, the plaintiffs entered into an agreement with Mark Cote and Daniel Cote (developers), trustees of the Saturday Company Realty Trust (Saturday Company), for the purchase of land in Westminster upon which the developers were to construct the plaintiffs' home. The agreement stated that the plaintiffs were to pay $321,415 for the land and the construction of their residence, $16,070.75 of which was paid as a deposit. The agreement was not recorded.

On June 18, 1997, the developers applied to the Colonial Co-operative Bank (bank) for a construction loan. As part of its loan application, the developers presented to the bank a copy of the agreement, which the bank retained. On July 21, 1997, the bank issued a six-month $241,500 construction loan to Saturday Company for a "presold" home. The bank did not request that the plaintiffs subordinate their rights under the agreement to the bank's mortgage. The mortgage was subsequently recorded in the Worcester County registry of deeds.

Problems soon developed between the developers and the plaintiffs and construction of the home was delayed by the developers' financial problems. The

2005 WL 1022036  
(Publication page references are not available for this document.)

developers refused to convey the property to the plaintiffs and refused to finish construction of the home. On August 14, 1998, a temporary occupancy permit was issued to the plaintiffs. The plaintiffs, with the consent of the developers and the local building inspector, took occupancy of the dwelling.

On November 5, 1998, the developers executed a quitclaim deed for certain parcels of real estate, including the subject property, in favor of Wainwright Realty, Inc. (Wainwright), for $100. On November 20, 1998, the plaintiffs brought an action in the Superior Court against the developers and Century 21 Realty Team, the realtor holding the deposit in escrow. [FN3] The plaintiffs sought, among other things, specific performance of the agreement. The plaintiffs were granted a lis pendens on December 1, 1998.

The developers then stopped making payments on the mortgage and the bank initiated foreclosure proceedings. On October 5, 1999, a judgment of foreclosure in favor of the bank was entered. [FN4] In their complaint against the bank, the plaintiffs sought a judgment that declared the mortgage subject to the agreement, and an order that prohibited the bank from conveying the property to anyone other than the plaintiffs. On November 16, 1999, a lis pendens and a preliminary injunction were granted in favor of the plaintiffs against the bank.

The bank filed a summary judgment motion, claiming that because the agreement was not recorded, the mortgage had priority over the agreement. It also requested that the lis pendens be dissolved and the preliminary junction vacated.

After a hearing, a Superior Court judge ruled that "the only issue that appears to be necessary to consider is whether the unrecorded purchase and sale agreement between the plaintiffs and the [developers] is legally sufficient to give the [plaintiffs] a position of priority over the recorded interest of the bank." After examining the record, the judge granted partial summary judgment in favor of the bank. [FN5] A different Superior Court judge ordered final judgment be entered. The plaintiffs appealed the motion judge's decision and, for the reasons stated herein, we reach a different conclusion.

*Discussion.* The plaintiffs claim that the motion judge committed error because statutory law states that if a recording party has actual notice of a prior unrecorded interest in the real estate, the unrecorded interest has priority, citing G.L. c. 183, § 4. [FN6] In the alternative, the plaintiffs argue that because the bank had actual notice of the unrecorded agreement, decisional law holds that an unrecorded contractual right to purchase land has priority over a subsequent, recorded mortgage.

Thus, two questions are raised by this appeal. Did the bank, in fact, have actual notice of the agreement and its details prior to the issuance of the mortgage, and if the bank had such notice, did the plaintiffs, by virtue of their unrecorded agreement, acquire the type of interest that should be given priority over the bank's recorded mortgage? We answer both questions in the affirmative.

[1] 1. *Actual notice of the agreement and its details.* The motion judge noted in his memorandum of decision that the bank only had "some notice of the purchase and sale agreement," and that "[t]he summary judgment record does not show that the bank had notice of all the details of the agreement." We respectfully disagree with the motion judge.

In support of its summary judgment motion, the bank presented certain materials. In those documents, it is clear that the bank was presented a copy of the agreement, which it retained. The bank described the purpose of the construction loan as being for a "presold" home. Also, undoubtedly as a result of the record before the motion judge, the bank conceded at oral argument that it did indeed have actual notice of the agreement prior to the issuance of the mortgage. Thus, it is undisputed that the bank not only had actual knowledge of the agreement but also its details. See *Emmons v. White,* 58 Mass.App.Ct. 54, 65, 788 N.E.2d 557 (2003) (actual notice provided by "[i]ntelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to"), quoting from *George v. Kent,* 89 Mass. 16, 7 Allen 16, 18 (1863).

We have recently stated that the purpose and scope of G.L. c. 183, § 4, is "to allow persons *without actual knowledge to the contrary* to rely upon registry records" (emphasis supplied). *Moore v. Gerrity Co.,* 62 Mass.App.Ct. 522, 526, 818 N.E.2d 213 (2004). Therefore, because the bank had actual notice, we reject the bank's argument that it properly relied upon the fact that there was nothing recorded in the registry of deeds that indicated an outstanding interest in the property. [FN7] Chapter 183, § 4, relates only to notice and does not affect or create the nature of the plaintiffs' interest. Because the bank had actual

Case 1:04-cv-10393-NG    Document 17    Filed 05/17/2005    Page 5 of 7

2005 WL 1022036                                                                    Page 3
(Publication page references are not available for this document.)

notice, its interest would be subject to the plaintiffs' rights under the agreement unless the agreement did not convey to them an interest in land.

[2] 2. *Plaintiffs' interest in the property.* "One who buys land, knowing that the grantor has agreed to sell it to another, takes it in equity subject to such agreement." *International Paper Co. v. Priscilla Co.,* 281 Mass. 22, 30, 183 N.E. 58 (1932). See *Connihan v. Thompson,* 111 Mass. 270, 271 (1873) ("Notice ... of the terms of an agreement for the sale of land is, in equity, sufficient to prevent one who has it from acquiring rights in fraud of that agreement"). For the following reasons, the plaintiffs' interest in the property, acquired by the agreement, has priority over the bank's subsequently recorded mortgage.

[3] Under the law of the Commonwealth, "a purchase and sale agreement bestows a significant interest upon the buyer." *McDonnell v. Quirk,* 22 Mass.App.Ct. 126, 130, 491 N.E.2d 646 (1986). When, as here, "a purchase and sale agreement has been executed, the vendor holds the legal title to the property 'subject to an equitable obligation to convey' it to the purchaser 'on payment of the purchase money.' " *Laurin v. DeCarolis Constr. Co.,* 372 Mass. 688, 691, 363 N.E.2d 675 (1977), quoting from *Barrell v. Britton,* 244 Mass. 273, 278-279, 138 N.E. 579 (1923). Other jurisdictions are in accord. See, e.g., *Graves v. American Acceptance Mort. Corp.,* 469 Mich. 608, 615, 677 N.W.2d 829 (2004) (restating that "[a]t law a contract for the purchase of land gives the vendee no interest in the land; but the rule is otherwise in equity ..."), quoting from *Bowen v. Lansing,* 129 Mich. 117, 119, 88 N.W. 384 (1901). By virtue of the agreement, the plaintiffs acquired "equitable rights ... [that] are enforceable against a [subsequent] purchaser with notice of such contract rights." *International Paper Co. v. Priscilla Co., supra* at 29-30, 183 N.E. 58 (third mortgagee was bound to recognize the contract rights of a lessee). See *Laurin v. DeCarolis, supra* at 691, 363 N.E.2d 675 ("the rights of the purchaser are contract rights rather than rights of ownership of real property"). See also *Stahl v. Roulhac,* 50 Md.App. 382, 386, 438 A.2d 1366 (1982) (stating that "if a mortgagee does have knowledge of an existing contract of sale, the mortgagee's interest is subject to the equitable lien of the contract purchaser"); *South Carolina Fed. Sav. Bank v. San-A-Bel Corp.,* 307 S.C. 76, 79-80, 413 S.E.2d 852 (1992) (upholding the priority of a purchaser's lien, acquired under an executory contract for the purchase and sale of real property, over a subsequent mortgage taken with notice of the contract).

The bank minimizes the plaintiffs' interest, asserting that the agreement is not a "conveyance" entitled to priority over its mortgage, but rather an equitable "obligation to convey the land at some later point." The bank ignores, however, that the necessary counterpart to the developers', and now the bank's, equitable obligation to convey is the plaintiffs' equitable interest in the property. The bank granted the loan with knowledge of the plaintiffs' interest in the property, and "it did so at its peril." *International Paper Co. v. Priscilla Co., supra* at 32, 183 N.E. 58. See *South Carolina Fed. Sav. Bank v. San-A-Bel Corp., supra.* The bank could have, but failed to request a subordination agreement from the plaintiffs.

The fact that the agreement was not recorded does not diminish the nature of the plaintiffs' equitable interest in the property. *Federal Deposit Ins. Corp. v. Slinger,* 913 F.2d 7, 16 n. 14 (1st Cir.1990) (applying Massachusetts law and upholding priority of unrecorded purchase and sale agreement over subsequent mortgage).

The award of summary judgment is reversed. A new judgment is to enter declaring that the plaintiffs' agreement has priority over the bank's mortgage. The matter is remanded to the Superior Court for trial on the remaining counts of the plaintiffs' complaint.

*So ordered.*

FN1. Melinda Queeno.

FN2. Mark Cote and Daniel Cote, as they are trustees of the Saturday Company Realty Trust; Century 21 Realty Team; Wainwright Realty, Inc.; and Wachusett Lumber.

FN3. The plaintiffs later amended their complaint to include Wainwright, Wachusett Lumber, and the bank. Wainwright filed a motion for summary judgment which an earlier Superior Court judge treated as a motion to dismiss. The judge denied the motion.

FN4. After the foreclosure sale, the bank brought a summary process action against the plaintiffs in the Worcester Housing Court. After trial, the Housing Court judge ordered judgment to issue in favor of the bank for possession. The ruling was predicated on the Superior Court judge's ruling that we are considering here. The

2005 WL 1022036

Page 4

(Publication page references are not available for this document.)

plaintiffs appealed from the Housing Court judge's decision and we ordered a stay of that appeal until we decide this matter.

FN5. The motion judge also ordered the lis pendens dissolved and the preliminary injunction modified to allow the bank to foreclose on the property and offer it for sale to the general public. The lis pendens was ordered reinstated by a single justice of this court.

FN6. The statute states, in relevant part, that, "A conveyance of an estate in fee simple, fee tail or for life, or a lease ... or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, *except ... persons having actual notice of it,* unless it ... is recorded in the registry of deeds" (emphasis supplied). G.L. c. 183, § 4, as appearing in St.1973, c. 205.

FN7. We also reject the bank's argument that by failing to record their agreement pursuant to G.L. c. 184, § 17A, the plaintiffs waived the protections that statute would have afforded them if they had recorded the agreement. Where the bank had actual notice, the recording statutes do not determine the question of priority.

63 Mass.App.Ct. 392, --- N.E.2d ----

**Briefs and Other Related Documents (Back to top)**

. 2004-P-0179 (Docket) (Feb. 09, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, James F. Creed, Jr., hereby certify that on this date a copy of the foregoing Supplemental Brief has been served on the following by first class mail, postage prepaid:

Gary W. Cruickshank, Esquire
21 Custom House Street, Suite 920
Boston, MA 02110

_____
James F. Creed, Jr.

Dated: 5/17/05